## Rome Ellington v. The State.

### No. 1319. Decided October 25, 1911.

### Rehearing denied November 29, 1911.

**1.—Theft of Cattle—Evidence—Other Offenses—Intent.**

Whenever the question of the intent with which property is taken becomes an issue, then the taking of other property by the same person about the same time is admissible in evidence as bearing on the intent of the person alleged to have taken the property; and where such testimony was introduced and properly limited by the court's charge, there was no error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where the appellant admitted taking the cattle for the theft of which he was being tried, there was no error in the court's failure to charge on circumstantial evidence.

**3.—Same—Charge of Court—Principals.**

Where, upon trial of theft of cattle, testimony as to the declaration of a codefendant was not objected to, there was no error in the court's charge on principals; besides, the objection thereto did not point out any error, and the charge was more favorable than the law required.

**4.—Same—Charge of Court—Fraudulent Taking.**

Where, upon trial of theft of cattle, the court's charge on fraudulent taking was in the language of the statute, and there were no requested instructions, and the evidence supported the charge and the theory of defense was submitted in a proper charge, there was no error.

**5.—Same—Evidence—Cross-Examination.**

Where the defendant sought, by questioning, the opinion of the witness as to whether or not he thought the cattle were stolen, he is not in position to complain that such opinion finally gets before the jury.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence sustained the conviction, there was no error.

**7.—Same—Practice on Appeal—Brief.**

An error not assigned and pointed out in the motion for new trial can not be reviewed on appeal upon brief of counsel. Following Martin v. State, 38 Texas Crim. Rep., 462, and other cases.

Appeal from the District Court of Bosque. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of theft of cattle; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*J. P. Word,* for appellant.—On question of the court's charge on principals: Yates v. State, 42 S. W. Rep., 296.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with the theft of two head of cattle. Upon a trial he was convicted, and his punishment assessed at four years confinement in the penitentiary.

It appears from the evidence that appellant went into the pasture of Moore Bros. and drove out two head of cattle; a short distance from the pasture he was joined by his brother, John Ellington, and together they drove them and put them in what is known as the Mooney field. This was at night. The next morning early they went to this field and got these two head of cattle, and drove them to their slaughter pen, about one or one and a half miles from Clifton. They were butchering cattle for the market, and told the men whom they had employed that they had two fat cattle that they wanted killed that day. One of the Moore Brothers, getting information about the cattle, went to the pen, found his cattle tied therein, and took them. A complaint was sworn out, and both the Ellingtons were arrested that day.

Appellant claimed to have taken the cattle under a claim of ownership. He testified he had bought a number of head of cattle from parties at San Angelo and Kearnes, Texas, a part of which he had lost, and he had taken these cattle, believing that they were a part of the cattle he had lost, saying that he had been informed that a part of his lost cattle were in the Moore Brothers' pasture, and he thought these were two of them.

The court then permitted the State to prove that a week or ten days prior thereto, the appellant and his brother had been seen driving two head of cattle in the Moore Bros.' brand, and had placed them also in the Mooney field, and to prove by Moore Bros. that these cattle were also taken without their consent.

The appellant complains of the court admitting this evidence of another and different offense. Whenever the question of the intent with which property is taken becomes an issue, then the taking of other property by the same person about the same time is admissible in evidence as bearing on the intent of the person alleged to have taken the property. The court in the seventh paragraph of his charge to the jury so instructs the jury, and under the evidence in this case it was not error to admit the testimony. Coward v. State, 24 Texas Crim. App., 590; Hennessy v. State, 23 Texas Crim. App., 340; Nixon v. State, 31 Texas Crim. Rep., 205.

The appellant also complains that the court erred in not charging on circumstantial evidence. In this case the appellant admitted taking the cattle from the pasture of the owners, and it was unnecessary to charge on circumstantial evidence. Rodgers v. State, 36 Texas Crim. Rep., 563; Russell v. State, 44 S. W. Rep., 159.

The next complaint is that the court "committed material error in the fourth paragraph of his main charge wherein he attempted to define to the jury who are principals. That it was not and never has been the law in this State, and the charge was not called for by the evidence, and was prejudicial to the rights of the defendant, and prevented him from having a fair presentation of his case to the jury." Again in the fourth paragraph it is claimed: "The court committed error in admitting in evidence certain declarations alleged to have been made by his brother, John Ellington." There is no bill of exceptions reserved to the admissibility of the testimony as to what the witness stated he heard John Ellington say, consequently as to whether it was properly admitted can not be reviewed by us. However, after it was admitted, it was proper for the court to instruct the jury that "if they believed from the evidence that John Ellington was not a party to said agreement, if any has been shown, or that he was not present aiding and assisting the defendant at the time of the commission of the offense, if an offense has been committed, then in that event he would not be a principal, and in that event you will not consider any declaration, if any has been shown, made by John Ellington when the defendant was not present." The charge in its entirety may not be artistically drawn, but it is a charge limiting the consideration of testimony which had been admitted without objection, as shown by the record, and clearly instructs the jury that they must not consider this evidence unless the two were both present, aiding and assisting each other in the commission of the offense. This is a matter that could not be prejudicial to the appellant. It was error, if error, in his favor, and the motion is too general, in that it does not point out wherein the charge was wrong, but only says "it is not and never was the law."

In the next ground appellant says: "The trial court committed an error in failing and refusing to define 'what is meant by fraudulent taking of property, and want of consent.'" There is no requested instruction on these words. The court charged the jury: "Theft is the fraudulent taking of corporeal personal property belonging to another from his possession without his consent, and with the intent to deprive the owner of the value of the same, and to appropriate it to the use and benefit of the person taking the same." This defines theft in the language of the statute. (Art. 858, Penal Code.) If appellant desired the words "fraudulent taking," and "consent" specifically defined, he should have presented charges requesting the court to do so. These words have a well-understood meaning, with which all are familiar, and the jury could not pos-

sibly have been misled. The owners testified that they had not given appellant their consent, John Moore testifying: "I did not consent for Rome Ellington (defendant), nor John Ellington, nor anyone else to take these cattle." J. K. Moore testified: "I did not consent for the defendant nor anyone else to take this cow and heifer or to move them from my pasture." Appellant, in his testimony, did not claim to have the consent of either of these gentlemen, but testified that he got the cattle out of the Moore Bros.' pasture without their knowledge, but he testified they were cattle that had escaped from him. The court presented his defense in this language:

"You are further instructed that where property alleged to have been stolen was taken under a claim of ownership there must appear from the evidence beyond a reasonable doubt before the defendant can be convicted the three following facts: (1) That the property taken was not the property of the defendant and his brother, John Ellington, and that it was the property of John Moore and J. K. Moore at the time that it was alleged to have been taken. (2) That the defendant at the time that he took the property did not in good faith believe that the same was his and his brother's, and that he took said property under said belief. (3) That the defendant fraudulently took the two cows alleged to have been stolen. Now, if you believe from the evidence that the defendant took the two cows in controversy in his possession and drove the same, in good faith believing at the time that he did so that they were the property of he and his brother, John Ellington, or if you have a reasonable doubt thereof, then you will find the defendant not guilty."

We can not consider the ground complaining of the admissibility of testimony of the witness Parks, there being no bill of exceptions in the record. However, there is a bill of exceptions complaining of the admissibility of the testimony of the witness Price, being the only bill in the record. By the bill it appears that appellant, in cross-examining the witness, had asked him a number of questions, proving that he had overtaken defendant and his brother, and when he did so, they "dropped the cattle;" that it was dark, and that he was a deputy sheriff, then asking: "You didn't think they had stolen the cattle? A. I didn't know they had. Q. Were you an officer? A. Yes, sir. Q. If you had thought they had stolen these cattle you would have arrested them? A. I didn't know whose cattle they were. Q. If you have thought they had these cattle stolen you would have arrested them? A. Yes, sir." On redirect examination the State asked the witness: "Q. State what caused you to go back to the Mooney ranch. A. I thought they were stolen cattle." To this question and answer the appellant objected. The appellant had endeavored to prove by this witness that he did not believe the cattle were stolen, or he would have arrested them at the time, and having made this proof, for the purpose of basing an argument thereon to the jury, we do not think that appellant is in position to complain.

Whenever the appellant sought by questioning to elicit the opinion of the witness as to whether or not he thought the cattle were stolen, he is not in position to complain that such opinion finally gets before the jury. Of course, such testimony generally is not admissible—what a witness' thoughts were as basis for his action, yet the appellant first injected this into the case, and under such circumstances we would not feel called upon to reverse a case.

The only other ground in the motion alleges the insufficiency of the testimony. The testimony amply supports the verdict. The contentions in the brief having no support in the motion, can not be considered by us. It has been the uniform holding of this court that error not assigned in the motion for a new trial can not be reviewed by us on appeal (Bailey v. State, 45 S. W. Rep., 708), and a mere suggestion of error in the motion for a new trial is insufficient; it must point out the error that the court may know in what the complaint consists. (Martin v. State, 38 Texas Crim. Rep., 462.)

There being no error assigned in the motion for a new trial, the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 29, 1911.—Reporter.]