H. L. UPSHUR AND ANOTHER V. JAMES R. PACE.

Location and survey on certificate of A in 1838, not returned to the General Land Office on or before the 31st of August, 1853; location by B on same land in Dec., 1852; location by C Sept. 1st, 1853, afterwards same day renewal of his location by B; renewal of location by B and C within the year; suit by C August 26th, 1854, to compel the surveyor to make survey on his location; tried Oct. 20th, 1854; verdict and judgment for C; Held, there was no error, the persons entitled under the location and survey of certificate of A were not before the Court.

The laws requiring the making of surveys and return of field notes by certain periods on penalty of forfeiture, contain no exception in favor of minors, and such exception cannot be argued from other laws favoring minors. A tax sale of lands held by location and survey not returned to the General Land Office is void.

Appeal from Hays. This suit was commenced August 20th, 1854, and was tried Oct. 20th, 1854; Johns was made a dedendant. The persons entitled under the Clark certificate were not made parties. The plaintiff's location was made Sept. 1st, 1853.

*Hamilton*, *Chandler* and *Walton* and *Brewster & West*, for appellant.

*J. A. & R. Green*, for appellee.

LIPSCOMB, J.   This suit was commenced by a petition against Upshur, the surveyor for Travis Land District, to compel him to survey a tract of land located by the appellee, by a valid land certificate. The land located on, had been located and surveyed under a certificate of headright issued to one Clark, but the field notes not having been returned to the General Land Office by the 31st day of August, 1853, became subject to location. Johns claimed title to the land under a

tax title, as such titles are usually called, given on a sale of the land for the non-payment of taxes, and also by location of a valid certificate, located by him and renewed before the thirty first day of August, 1853, and renewed again after the date last mentioned, on the same day that plaintiff in the Court below located, but in point of time after that location. It was in proof that Johns had made an improvement upon the land.

There was a defence set up, that could not certainly have been seriously insisted upon. It was, that the Clark certificate had been assigned to one Britton, and that the location was made for him under the Clark certificate; that he had died before the time limited by the Statute for returning the field notes into the General Land Office, and that his heirs were minors, and that it was not competent for the Legislature to impose upon them the forfeiture declared by the Statute. We believe there is nothing in this objection.

The Judge before whom the case was tried, was of opinion and so charged the jury, that if the tax title was valid, Johns could have relocated the land, and raised the certificate of Clark before the time fixed by the Statute for returning the field notes of the survey made under Clark's survey; because if the tax title had been good, it would have given him the control of that certificate and its location, but he was of the opinion, and so charged, that the tax title was not valid, and that it was therefore a question of priority of location, between Pace and Johns, after the land became vacant and subject to location. We can see nothing in this charge that the appellant has a right to complain off. It was as favorable to him as any reasonable construction of the law could have authorised. The appellant contends that his equity gave him a preference when his location was made on the same day with that of Pace's. It is not necessary to discuss what would have been the claim of preference arising from such an equity, if it had existed, because we do not believe that the tax title gave him

any equity. In Robson v. Osborn we decided that an invalid tax title carried no equity with it. (See 13 Tex. R. 298.) That the tax title was invalid, and conferred no right, is manifest, not only upon the grounds noticed by the Court below, but on the additional one that the land at the time the assessment was made, for the non-payment of which the land assessed was sold, was not taxable, because the field notes had not been returned to the General Land Office, and consequently it was not in a condition to authorise the owner to demand a patent. (See Pitts and others v. Boon, guardian, decided the present term.) The jury returned a verdict for Pace, on which the appropriate judgment was rendered; and we do not believe there is any error in the judgment; and it is therefore affirmed.

Judgment affirmed.