Statement of the case.

J. M. Martin et al. v. R. H. Brown.

62 467
82 627

(Case No. 1632.)

1. Pleading — General demurrer.— A court in passing upon a petition, the sufficiency of which is to be tested by general demurrer, must regard everything as having been properly alleged, which, by reasonable construction, is embraced within the allegations of the petition.

2. Application for school land.— A fictitious application to purchase school land secures no such preference in purchase as will prevent another from securing the land by a proper application, followed by a compliance with the law.

3. Patent — Fraud.— Though the preliminary steps taken to secure a patent to school land, prior to the payment of the money therefor, may be irregular, the patent issued will not be therefore void. Nor will the fact that the patentee had practiced a deception on the surveyor and the public, by securing the land from sale by a fictitious application, vitiate a *bona fide* application afterwards made in his own name, or invalidate a patent to him.

4. Same.— One attacking a patent for fraud in its issuance must not only establish that his vendors or himself had an equity in the land at the time of the issuance of the patent, but also that such equity is superior to that which eventuated in the patent.

Appeal from McMullen. Tried below before the Hon. D. P. Marr.

On March 1, 1884, appellants brought this suit against appellee to recover sections No. 6 and 10 of school lands situated in McMullen county, and containing six hundred and forty acres each, and to cancel a patent issued to appellee therefor, etc., alleging in substance that:

Applications for the purchase of these two sections of land were filed by R. H. Brown, the appellee, who was the defendant below, in the name of G. J. Vanmeter, in the surveyor's office of county of McMullen on January 10, 1882.

On the 15th of February, 1882, appellants offered to file their applications for the purchase of the two sections of land in the surveyor's office, but finding, by examination and information of the surveyor, that the sections were appropriated by the Vanmeter files, they were deterred from doing so.

On the 30th of March, 1882, appellee withdrew from the surveyor's office the Vanmeter applications for the purchase of these sections, and on the same day filed therein applications in his own name for their purchase, which applications were recorded by the surveyor on the 31st of March, 1882.

On the 10th of April, 1882, John Brightly, by his agent, William Cassin, filed his applications in the surveyor's office of McMullen county for the purchase of these sections from the state; these ap-

plications were recorded in the surveyor's office of McMullen county on the same day, and were duly forwarded to the state treasurer within the time required by law, together with one-twentieth of the appraised value of the sections. Brightly, through his agent William Cassin, presented certificates from the commissioner of the general land office, to the surveyor of McMullen county, within ninety days from the filing and recording of said applications, showing that the applications and the treasurer's receipt for one-twentieth of their appraised value had been received and filed in the general land office, whereupon the surveyor entered the sections in his book as sold; and Brightly executed his notes, as required by law, for the balance due on the land, which notes were duly forwarded to the general land office. Appellants claim as purchasers in good faith, for a valuable consideration, under and through the title of John Brightly.

The commissioner of the general land office, without being informed of appellants' claim of right to the land, upon appellee's applications, in their altered and changed condition, being filed in the general land office, issued him patents for both of these sections; and this suit was brought by appellants to divest appellee of whatever title he may have acquired by the patents, and to vest the title to the same in appellants by the proper decree of the district court of McMullen county.

On the 27th of March, 1882, the appellee filed a general and six special exceptions to appellants' petition, all of which the court sustained, except special exception No. 6, which set up the exclusive authority of the land board to pass on any irregularities there might be in the sale of school sections, and upon appellants' declining to amend their petition the suit was dismissed, to which ruling the appellants excepted, gave notice of appeal in open court, filed their appeal bond, assigned errors, and brought the case to this court by appeal.

*Archer & Brown*, for appellants, on impeachment of patent, cited: Gullett v. O'Connor, 54 Tex., 416; Burleson v. Durham, 45 Tex., 157; Wyllie v. Wynne, 26 Tex., 45; Sherwood v. Fleming, 25 Tex. Sup., 428; McKinney v. Grassmeyer, 51 Tex., 382; Gen. Laws of 1881, sec. 7, p. 121.

*J. M. Eckford*, for appellee.

Watts, J. Com. App.— In passing upon the petition as tested by the general demurrer, the court should consider everything as prop-

erly alleged which by reasonable construction is embraced within the allegations contained in the petition. And everything which is so alleged must be considered as admitted by the demurrer.

The demurrer here admitted that the application to purchase the land in the name of Vanmeter was fictitious, made by appellee for his own benefit, for the purpose of withholding the land from the market until such time as he might determine to purchase the same for himself.

But the petition also alleges that Brown withdrew the application made in the name of Vanmeter, March 30, 1882, and on the same day applied for the land in his own name. From a consideration of the other allegations in the petition, it will be presumed that all the subsequent steps taken by Brown up to the issuance of patent were regular and in accordance with law, as none of them are the subject of complaint.

Now, admitting that the application made in the name of Vanmeter was fictitious, and made with the view and for the purpose claimed, then the application would not have been such an appropriation of the land, or such preference secured, as would have prevented appellants from securing the land by a proper application, followed by a compliance with the law. However, before any intervening rights had arisen, appellee applied for the land in his own name, and, it seems, followed that application with a compliance with the law, and it seems paid the purchase money and secured the patent. The application under which appellants claim was made April 10, 1882, several days after appellee's application was made, accepted and recorded by the surveyor. In securing title to these school lands, the payment of the purchase money is the real consideration for which the patent is issued. The application and other preliminary steps may be very irregular, but that would not render the patent void. And the fact that appellee had practiced a deception upon the surveyor and the public, by securing the land from sale by a fictitious application, would not vitiate the application made in his own name March 30, 1882. Such fictitious application did not secure in law any preference in the purchase of the land, and might have been entirely ignored by appellants or others desiring to secure the land by purchase. At the time appellee made the application in his own name, neither appellants nor those through whom they claim had any equity whatever in the land. They had taken none of the necessary steps toward securing the same, and, in fact, had no greater right to it than they had to any other unsold school land in the country.

To render such an attack upon the patent successful, the burden was upon the appellants not only to establish that either their vendors or themselves had an equity in the land at the time of the issuance of the patent, but also to show that such equity was superior to that which eventuated in the patent. This appellants failed to show by the allegations in their petition. And the irregularities relied upon respecting the manner in which the application was first made, then withdrawn and another substituted, are not such as to invalidate appellee's last application or the patent which was issued upon it.

Our conclusion is that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted November 25, 1884.]