## C. H. HARPER v. B. F. DODD.

Decided November 1, 1902.

**1.—Practice on Appeal—Fundamental Error.**

Where the trial court, upon undisputed facts such as required a peremptory instruction for the defendant, misdirected the jury as to the law, and there was a judgment for the plaintiff, such error will be treated as fundamental, and will be noticed though not assigned.

**2.—School Land—Proof of Occupancy—Commissioner's Certificate Conclusive.**

Proof of three years' occupancy of State school land by a purchaser thereof, evidenced by the certificate of the Commissioner of the General Land Office, is conclusive as against the subsequent application of another to purchase the land. Following Logan v. Curry, 95 Texas, 664.

Appeal from the District Court of Cottle County. Tried below before Hon. J. A. P. Dickson.

*Fires & Decker,* for appellant.

*G. E. Hamilton* and *C. S. Williams,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee applied in July, 1901, to purchase the sections of school land in controversy, notwithstanding the Commissioner of the General Land Office had awarded them to appellant, and had before appellee made his application to purchase (but after he had settled on one of the sections) accepted appellant's proof of three years occupancy and issued certificate showing that fact.

These facts were undisputed, the controverted issue being whether or not appellant had ever been an actual settler. The court instructed the jury that his proof of occupancy, though regular in form, was not conclusive on the issue of actual settlement. This was in accordance with the decision of this court in Logan v. Currie, 66 Southwestern Reporter, 81, but, as held by our Supreme Court, in reversing the judgment in that case, 95 Texas, 664, 69 Southwestern Reporter, 129, which it becomes our duty to follow, it was erroneous; and as the jury were thus affirmatively misdirected as to the law of the case arising on the undisputed facts, when they should have been instructed to find for appellant, we must treat the error, though not assigned, as fundamental.

We note, however, that in the opinion of Chief Justice Gaines, in the case just cited, this court was quoted as holding the same view as was expressed in that able opinion as to the effect of proof of occupancy on the question of actual settlement, as will be seen from the following: "In the case of Pardue v. White, 21 Texas Civil Appeals, 121, the Court of Civil Appeals for the Second District, in an able opinion by Mr. Justice Hunter, held in accordance with the views here expressed, and we refused a writ of error in that case. In the present case, that court still adhere to the former opinion upon that question, but affirmed

the judgment against the plaintiff in error, Logan, for the reason that his purchases were made in collusion with another person."

But our position was otherwise clearly stated in the opinion of Justice Hunter in Logan v. Curry, 66 Southwestern Reporter, 81, as follows: "We are cited to the case of Pardue v. White, 50 Southwestern Reporter, 591, where we held the certificate conclusive of continued occupancy for three years as against a subsequent application to purchase; but in that case it was conceded that the original purchaser from the State was an actual settler, and therefore one of the class of persons to whom the Commissioner had power to sell the land, and, being an actual settler, the Commissioner had jurisdiction to pass on the question of occupancy. See Metzler v. Johnson, 1 Texas Civ. App., 137, 20 S. W. Rep., 1116; Willoughby v. Townsend, 93 Texas, 80, 53 S. W. Rep., 581; Gracey v. Hendrix (Texas Civ. App.), 51 S. W. Rep., 847. In the case under consideration the District Court has found, upon competent and sufficient testimony, that Reid was not an actual settler on section 38. This fact being established, the sale to him by the Commissioner was absolutely void, because such lands could only be sold to actual settlers; and, being void, the sale was subject to attack by subsequent applicants who had complied with the law at any time before the patent issued, the sale not being completed until then."

On the authority of our Supreme Court decision in Logan v. Currie, supra, we reverse and here render judgment for appellant.

*Reversed and rendered.*