HOUSTON OIL CO. OF TEXAS v. McGREW.

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1911. Rehearing Denied Jan. 11, 1912.)

1. LIMITATION OF ACTIONS (§ 44*)—ACCRUAL OF RIGHT OF ACTION—SCHOOL LANDS—RIGHT TO PURCHASE.

Where a purchaser of the timber on school land filed prior to the removal of the timber an application to purchase the land, and paid the price at the same time, he became entitled under the statute to the land, and his cause of action against an adverse claimant accrued at that time, and not at the time of a subsequent award of the land to him; that being mere evidence of his existing right to the land.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 220–232; Dec. Dig. § 44.*]

2. ADVERSE POSSESSION (§ 106*)—TITLE ACQUIRED.

One who has been in the adverse possession for 10 years dating from the accrual of a third person's right of action, at the time of the filing of his application for the purchase of the land as school land and paying the price, acquires title by adverse possession under the 10-year statute of limitations.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 106.*]

3. ADVERSE POSSESSION (§ 108*)—ACTS CONSTITUTING.

That a part of a person's fence and improved land lies on another survey adjoining the one on which he has his residence and the remainder of his improvements does not prevent his recovery of 160 acres of the section on which he lives, but he may not by his settlement and occupancy recover any portion of the adjoining section after his recovery of the 160 acres.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 108.*]

4. ADVERSE POSSESSION (§ 108*)—EXTENT OF LAND ACQUIRED.

One who claimed an entire section of which he had only 25 acres in cultivation could under his 10 years adverse possession recover 160 acres.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 108.*]

5. ADVERSE POSSESSION (§ 116*)—OCCUPANCY—ACKNOWLEDGMENT OF TITLE IN ANOTHER—EVIDENCE—INSTRUCTIONS.

Where, in trespass to try title, the undisputed evidence showed defendant's right to recover under the 10-year statute of limitations unless his occupancy was broken by an acknowledgment of tenancy to another during the 10 years' occupancy, a charge that if defendant made such acknowledgment of tenancy, he could not recover, but, if he did not agree to acknowledge such tenancy, he could recover, properly submitted the issue.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 66; Dec. Dig. § 116.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by the Houston Oil Company of Texas against William McGrew. From a judgment for defendant, plaintiff appeals. Affirmed.

H. O. Head and Wear, Orgain & Butler, for appellant. Joe W. Thomas, for appellee.

REESE, J. This is an action in trespass to try title by the Houston Oil Company against William McGrew to recover a tract of land in Tyler county described as section 9, block 5, G. & B. Navigation Company certificate No. 93, containing 640 acres. The original petition was filed July 13, 1909. Plaintiff also prayed judgment for $800 rents, etc. Defendant answered by general demurrer, general denial, and specially set up title under the statute of limitation of 10 years to 160 acres of said survey, including his improvements, which he asked to have designated and surveyed off for him, and for appointment of commissioners to make such partition. By supplemental petition plaintiff specially excepted to the answer on the ground that no description was given of the 160 acres. A trial with the assistance of a jury resulted in a verdict and judgment for defendant on his plea of limitation for 160 acres of the section of land sued for, and in favor of the plaintiff for the remainder of the section. Upon this verdict judgment was entered, and commissioners were appointed to partition the land, setting off to defendant 160 acres to include his improvements. The commissioners made the partition accordingly, and reported to the court. The report was approved and confirmed and the proper decree made vesting title in defendant to the 160 acres set off to him. Its motion for a new trial having been overruled, plaintiff prosecutes this appeal.

At the time of the trial appellee had been living on the section of land in question for 21 years. He had a dwelling house and other outbuildings and an inclosed farm of about 25 acres. During the time of his occupancy he had resided on the land, and had cultivated, used, and enjoyed the premises, claiming the entire section. The undisputed evidence conclusively established his peaceable possession during all of this time under the claim aforesaid. At the time appellee went into possession the section was unsold school land, and belonged to the state, and was classified as "timber land." In 1895 Wiess purchased the timber on said section, under the provisions of the act of April 16, 1895. On June 28, 1899, Wiess filed in the General Land Office his application in due and proper form to purchase the land for cash at $2 per acre; that being the price fixed. The application was made under the provisions of the act of 1895 as amended in 1897. Section 4218q, R.

S. On the same day Wiess deposited with the State Treasurer, as required by law, the purchase money. The land was awarded to him by the land commissioner July 18, 1899. On July 13, 1899, the Treasurer issued his receipt for the purchase money to Wiess, which was filed in the General Land Office on July 14, 1899. Patent issued to Wiess August 15, 1899. By mesne conveyances this title passed to and became vested in appellant, the Houston Oil Company of Texas.

[1] The undisputed evidence established the possession and claim of appellee as stated, and showed that he was in such occupancy at the time Wiess' cause of action accrued. It is appellant's contention that such cause of action did not accrue until the issuance of the award, which was less than 10 years before the institution of the suit. Appellee contends, on the other hand, that the cause of action in Wiess accrued when he filed in the General Land Office his application to purchase, accompanied with payment of the purchase money, which was more than 10 years before the institution of the suit. This is the principal issue in the case.

The Treasurer's receipt is dated July 13, 1899, and, if that is the date on which the purchase money was paid under the authority of Smith v. Dickey, 74 Tex. 63, 11 S. W. 1049, it would appear that this suit filed July 13, 1909, was within the 10 years from the date of the accrual of the cause of action, and appellee's title would fail. But the account of the State Treasurer conclusively shows that the money was paid on June 28, 1899, the day the application was filed. That the receipt was not made out until July 13th is entirely consistent with the payment of the money on June 28th, as shown by the account of the State Treasurer. The sale could only be made for cash, and the mere making of the application conferred no right until this provision of the law was complied with. Assuming then, that the undisputed evidence shows that the purchase money was paid to the State Treasurer on June 28, 1899, the date of the filing of the application, we are of the opinion that with the filing of the application and payment of the purchase money everything had been done to confer upon Wiess complete right and title to the land, and to entitle him to a patent. The award of the land commissioner was not necessary to the vesting of this complete right. The state, by the terms of the statute, offered the land for sale to Wiess as the purchaser of the timber, which had not been removed for cash, and, upon his acceptance of this offer by filing a proper application and otherwise complying with the provisions of the statute, he became entitled, not only to have the land awarded to him, but entitled to the land; the award being only one of the evidences of such right, which existed without it. We take it that this is well settled by the authorities. Canales v. Perez, 65 Tex. 291; Snyder v. Nunn, 66 Tex. 255–260, 18 S. W. 340; Metzler v. Johnson, 1 Tex. Civ. App. 137, 20 S. W. 1116; Eastin v. Ferguson, 4 Tex. Civ. App. 643, 23 S. W. 918; Burnett v. Winburn, 25 S. W. 969; Watts v. Wheeler, 10 Tex. Civ. App. 117, 30 S. W. 298.

[2] Inasmuch as the undisputed evidence also established appellee's adverse occupancy under the 10-year statute of limitation, dating from the accrual of Wiess' right of action, which accrued with the filing of his application and payment of the purchase money on June 28, 1899, and this suit was instituted on July 13, 1909, more than ten years thereafter, it would seem that no other verdict and judgment could have been properly rendered than one in favor of appellee. The court instructed the jury that the statute did not begin to run until June 28, 1909, which, as we have seen, was correct. The questions above discussed are raised by the first, second, and third assignments of error, which are overruled.

[3] Under the fourth and fifth assignments of error, appellant states the following proposition: "The appellee having testified himself that the line of the survey in controversy ran through and across his improvements, and having relied upon naked possession as a foundation for his adverse claim to the land in controversy, his possession thus shown is not such as would entitle him to recover judgment in this case, in any event, for more than actually inclosed." The following statement of the evidence of appellee is made under this proposition: "I can follow every line, etc. I would guess that my house is 150 or 200 yards from the east line. I suppose it is 400 yards from the south line. The fence is north from my house. I do not know exactly how far it is from my fence or my house to the north line. Never measured it up there. I know where the corner is. I know where the west line is. Where it is marked it is only marked a piece of the way. I know the northwest corner and the southeast corner and the southwest corner. It is the east line that runs through my field up there." From the fact that according to this testimony a part of appellee's inclosed field lies on an adjoining survey to the one on which his residence and other improvements are located, appellant raises the contention that appellee could not acquire title to 160 acres of land on the section in controversy. It will be noticed that the evidence does not show how much of the inclosed field is cut off by the east line of the survey. It may be a portion so small as to be entirely negligible, and upon that ground the assignment should not be sustained, as no material error is shown. But, independently of that, we think the fact that a portion of appellee's fenced and improved land lies on another survey adjoining the one on which he

has his residence and the remaining of his improvements would not prevent his recovery of 160 acres of the section on which he lives. We could not, we think, by this settlement and occupancy recover any portion of such adjoining section after his recovery of the 160 acres on the section in controversy. The effect of appellant's contention as set out in its brief would upon the facts of this case, as stated, deprive appellee of any recovery at all on either section, except of the land actually inclosed.

[4] By the second proposition, appellant contends that appellee having claimed the entire section, of which he had only 25 acres in cultivation, could not in any case under his 10 years adverse possession recover 160 acres. We regard this question as settled against appellant by the decision of the Supreme Court in the late case of Louisiana & Texas Lumber Co. v. Washington Kennedy, 126 S. W. 1113, and the opinion of this court in the later case of Louisiana & Texas Lumber Co. v. Stewart, 130 S. W. 203.

[5] The undisputed evidence conclusively established appellee's right to recover, unless his adverse occupancy was broken by an acknowledgment of tenancy to appellant during the 10 years occupancy. Appellant alleged such acknowledgment of tenancy, and introduced testimony to sustain such contention, which appellee denied by his testimony. The court charged the jury that, if appellee made such acknowledgment of tenancy, he could not recover, but that, if he did not agree to acknowledge such tenancy, the jury should return a verdict for him for 160 acres of land. By the sixth assignment of error, appellant complains of this charge, the ground of the complaint being that by such charge appellee's right to recover was placed solely upon his not having agreed to acknowledge tenancy under appellant. As the undisputed evidence showed appellee's right to recover under the 10 years adverse occupancy, unless it was broken by such acknowledgment of tenancy, there was no material error in the charge.

What we have said disposes sufficiently of the several assignments of error and the propositions thereunder, which are severally overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.