AUSTIN FIRE INS. CO. v. BROWN.

(Court of Civil Appeals of Texas. Amarillo. April 13, 1912. Rehearing Denied May 25, 1912.)

APPEAL AND ERROR (§ 719*)—RECORD—ASSIGNMENTS OF ERROR—NECESSITY.

Under Sayles' Ann. Civ. St. 1897, art. 1014, providing that on appeal a trial shall be had on the statement of facts, or on error of law, either assigned or apparent on the face of the record, the error in rendering judgment upon an oral contract of insurance, where the evidence showed that it was contemplated by both the insurer and the insured that the contract should be evidenced by a written policy to be thereafter issued, can be considered and that one was issued regardless of assignments being fundamental and apparent on the face of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

Error to Cottle County Court; W. E. Prescott, Judge.

Action by C. L. Brown against the Austin Fire Insurance Company. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Bell & Burris, of Paducah, for plaintiff in error. R. D. Brown, of Paducah, and O. T. Warlick, of Vernon, for defendant in error.

HALL, J. Defendant in error, Brown, filed suit in the county court of Cottle county against plaintiff in error, declaring upon a verbal contract of insurance and for damages for breach of said contract. Judgment was rendered against the insurance company for the amount demanded, from which the company appealed, assigning numerous errors. Many of the errors assigned are not properly briefed so as to require their consideration, others cannot arise upon another trial, and in view of the disposition made of the case it is not necessary for this court to consider them in detail.

Under article 1014, Sayles' Civil Statutes, fundamental error, which will require a reversal of the judgment, is apparent upon the face of the record in this: Defendant in error's action is not based upon the policy of insurance, and throughout his pleadings the policy itself is repudiated and the effort on the part of the plaintiff in error to set it

up as a written contract is combated. The undisputed evidence, however, shows that, upon a verbal request for insurance, it was understood that a policy should be issued, and defendant in error himself testified that he contracted for the issuance of a policy and expected one to be delivered to him, but no particular insurance company was ever mentioned. It further appears from uncontradicted testimony that a policy of the plaintiff in error was issued upon the following day, but does not appear why the same was never called for by defendant in error unless it be because of the fact that the agent who issued the policy was himself interested in the property insured.

It being contemplated by both parties that the contract of insurance should be evidenced by a written policy to be thereafter issued, and the evidence showing that one was issued, it was error to render judgment upon an oral contract, and, the error being fundamental and apparent upon the face of the record, the judgment is reversed and the cause remanded. Adams v. Faircloth, 97 S. W. 507.

Reversed and remanded.