HODGE v. TOYAH VALLEY IRR. CO. et al. (No. 377.)

(Court of Civil Appeals of Texas. El Paso. Jan. 28, 1915. On Rehearing, March 18, 1915.)

1. TRIAL ⊗⇒139 — DIRECTION OF VERDICT — POWER OF COURT.
Where there was sufficient evidence to require submission of the case to the jury upon all the issues raised by the pleadings, it was error to direct a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338-341, 365; Dec. Dig. ⊗⇒ 139.]

2. APPEAL AND ERROR ⊗⇒694—PROCEEDINGS NOT IN RECORD — GROUNDS OF REVIEW — FAILURE TO DIRECT VERDICT.
In an action against an irrigation company for failure to furnish water, where there was nothing in the record to indicate that the plaintiff requested direction of verdict for damages, and that a decree holding the water contract valid be entered, error cannot be predicated upon the failure of the court so to direct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2910, 2915; Dec. Dig. ⊗⇒ 694.]

On Rehearing.

3. TRIAL ⊗⇒141 — DIRECTION OF VERDICT — WEIGHT OF EVIDENCE.
Where the evidence in the record was sufficient to sustain all the allegations in the petition, and there was no evidence to the contrary, there was nothing on which to base a judgment for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. ⊗⇒141.]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by H. T. Hodge against the Toyah Valley Irrigation Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Hefner & Cooke, of Pecos, for appellant. Ross & Hubbard, of Pecos, and Capps, Cantey, Hanger & Short and Ocie Speer, all of Ft. Worth, for appellees.

HARPER, C. J. Appellant brought this suit against the Toyah Valley Irrigation Company and its receiver for damages alleged to have been suffered by reason of the failure of the defendants to furnish water to lands owned by him as it had contracted in writing to do, and for a formal decree of the court that the contract sued on is a valid and enforceable obligation. The defendant filed a general denial, and specifically alleged that the contract was not signed. A jury was impaneled and plaintiff's evidence introduced, whereupon the court, upon his own motion, gave a peremptory instruction for defendant. Plaintiff excepted to this action of the court and it was noted in the judgment entered. From the judgment entered for defendant, this appeal is perfected.

The appellee objects to a consideration of appellant's assignments of error because there was no exception taken to the action of the court in giving a peremptory instruction. As stated above, the record shows that appellant excepted to the action of the court.

[1] In appellant's third assignment, he urges that the court erred in peremptorily instructing the jury on the ground recited in the judgment that plaintiff had parted with his interest in the subject-matter of the suit, because all the evidence was to the effect that he owned the land and the crops thereon.

This assignment must be sustained for the reason given. There is evidence that plaintiff, at the time of the trial, was the owner of the property, and there is no evidence in the record to the contrary; and, there being sufficient evidence to require the case to be submitted to the jury upon all the issues raised by the pleadings, it was error to instruct a verdict.

[2] The first and second assignments being a charge that the court erred in not instructing a verdict for plaintiff in each of the two matters prayed for, viz., damages, and a decree holding the water contract valid, must be overruled, because there is nothing in the record showing that such instructions were requested.

For the reason given above, the cause is reversed and remanded.

### On Rehearing.

Appellee requests that this cause be certified to the Supreme Court, because our opinion is in conflict with those of other Courts of Civil Appeals heretofore rendered, in that we hold that it is not necessary to file bills of exceptions to the giving of special charges. The opinion is not subject to the criticism. The only objection urged here by appellee to a consideration of appellant's assignments was that there was "no exception taken by appellant to the peremptory instruction given by the court." We hold that the record discloses an exception taken.

Upon further consideration of the cause, we are of the opinion that there is another error apparent of record, which must reverse the cause.

[3] The evidence in the record is sufficient to sustain all the allegations in the petition, and there is no evidence to the contrary. Therefore, there is no evidence upon which to base a judgment for appellee. Harper v. Dodd, 30 Tex. Civ. App. 287, 70 S. W. 223. The instruction should have been for appellant, instead of appellee, under the facts of this record.

The motion for rehearing is therefore overruled.