DEES et al. v. CRANE.    (No. 424.)

(Court of Civil Appeals of Texas. El Paso. April 1, 1915.)

1. APPEAL AND ERROR ⊗⇒671—RECORD—ASSIGNMENTS OF ERROR.

Assignments of error appearing in the brief, but not in the record, as to matters which should have been called to the court's attention in the motion for new trial, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. ⊗⇒ 671.]

2. APPEAL AND ERROR ⊗⇒554—REVIEW—INSTRUCTIONS—EXCEPTIONS.

Any errors in the charge are waived; no bill of exceptions appearing to have been taken, as required by Acts 33d Leg. c. 59.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2472–2477; Dec. Dig. ⊗⇒ 554.]

3. APPEAL AND ERROR ⊗⇒672 — REVIEW — FUNDAMENTAL ERROR.

There being evidence and pleading to support the verdict and judgment, rendition of the judgment presents no error in law apparent on the face of the record, or fundamental error, requiring reversal, though not assigned, and though no exceptions were taken to the peremptory charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. ⊗⇒ 672.]

4. PLEADING ⊗⇒366—STRIKING OUT WORDS—EFFECT.

Merely striking from answer, in an action on a note, the words "defendant * * * consulted with a lawyer" presents no error, and is not a refusal to sustain his pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1145; Dec. Dig. ⊗⇒ 366.]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by G. Crane against R. D. Dees and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. A. Hadden and Howell Johnson, both of Ft. Stockton, for appellants. O. W. Williams and W. C. Jackson, both of Ft. Stockton, and J. R. Hill, of Ft. Davis, for appellee.

HARPER, C. J. G. Crane instituted this suit against R. D. Dees, Hedstrom, Adams, Lewis and wife, and Jobe on a $3,075 note, executed by R. D. Dees to A. A. Hedstrom, given as part of purchase price of certain school lands. The land was afterwards sold by Dees to Adams and Gibson, who assumed the payment of the note. The state set aside the award, and Gibson and Adams repurchased. The note was acquired by appellee before maturity for value. The court gave peremptory instruction for plaintiff. Judgment and verdict rendered accordingly, from which this appeal is perfected.

The appellants' brief cannot be considered, because not in compliance with the rules for briefing cases in appellate-courts. The brief is defective in many respects, but it is sufficient in this instance to say that the assignments are not followed by propositions of law, as required by rule 30 (142 S. W. xiii), without which there is no point of law to pass upon, unless the assignments themselves are sufficient to constitute propositions, and in this case they are not, but, if they were there are no statements subjoined, as required by rule 31 (142 S. W. xiii). It is urged that it was error apparent on the face of the record for the court to give a peremptory instruction in this case, as was done.

Being no assignment of error showing that appellant had complied with chapter 59, Acts of 1913, the error is waived (Railway Co. v. Feldman, 170 S. W. 133; Wickizer v. Williams, 173 S. W. 288), unless there is no pleading or no evidence to support the verdict as directed (Harper v. Dodd, 30 Tex. Civ. App. 287, 70 S. W. 223; Hodge v. Toyah Valley Irrigation Co., 174 S. W. 334, rendered by this court, not yet officially reported).

The verdict and judgment are supported by the pleadings and evidence in this case. The cause is therefore affirmed.

HIGGINS, J. I concur in the affirmance of this case for the following reasons:

[1] First. There are no such assignments in the record as appear in appellants' brief numbered, 1, 2, 3, 4, and 5. The matters here complained of should have been called to the court's attention in the motion for new trial. They therefore cannot be considered.

---

[2, 3] Second. Assignments 6, 8, and 9 complain of the court's charge. No bill of exception appears to have been taken as required by chapter 59, Acts of 1913; hence the errors therein, if any, are waived. There is evidence and pleading to support the verdict and judgment, and the rendition of the judgment presents no error in law apparent on the face of the record. If there were no evidence to support the judgment, or a want of sufficient pleadings, that would present an error in law apparent on face of the record, or, as it is sometimes termed, fundamental error, which would require reversal, even though it was not assigned, and regardless of whether or no exception was taken to the peremptory charge. Harper v. Dodd, 30 Tex. Civ. App. 287, 70 S. W. 223; Hodge v. Toyah Valley Irrigation Co., 174 S. W. 334, decided by this court, and not yet officially reported; Needham v. Cooney, 173 S. W. 979.

[4] Third. The seventh assignment complains of error in not sustaining the defendant's pleadings. All exceptions to such pleadings were overruled, except one which merely struck out the words "defendant Dees consulted with a lawyer." That presents no error, and it is not apparent in what manner the court refused to sustain pleadings.

WALTHALL, J., concurs in this opinion.