MONROE SMITH v. THE STATE.

No. 4208.   Decided October 25. 1916.

**1.—Murder—Dying Declarations—Res Gestae.**

Upon trial of murder and a conviction of manslaughter, there was no error in admitting dying declarations and the statement of the defendant in reply to his wife's statement to go back to the house, he saying that he had done nothing but kill a damn dog, no arrest having been made, and this occurring immediately following the fatal shooting.

**2.—Same—Dying Declarations—Practice on Appeal.**

Where appellant complained of the alleged admission of dying declarations, but the motion for new trial did not raise this question, this matter could not be considered on appeal, as the rule of the Supreme Court requires that grounds not presented to the trial court in the motion for new trial can not be considered on appeal; besides the defendant having been found guilty of manslaughter on his own testimony, he could not complain.

**3.—Same—Motion for New Trial—Bill of Exceptions—Dying Declarations.**

Where the State contended that not only did defendant not complain in his motion for new trial of admitting in evidence the alleged dying declarations, but the bill of exceptions itself was insufficient. in that it did not contain all the

predicate laid on which the dying declarations are admitted which must also be set forth, and defendant admitted while this was true, the trial court referred to the statement of facts in approving the bill and that this should cure the defect, yet it being shown by the record that even if this court refers to such statement of facts, the jury could not have properly returned a verdict for less than manslaughter of which the defendant was convicted, there was no reversible error.

Appeal from the District Court of Angelina. Tried below before the Hon. H. D. Guinn.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Montooth & Collins* and *I. D. Fairchild,* for appellant.—On question of rules of Supreme Court and bills of exceptions: White v. Mayor and City of Nashville, 185 S. W. Rep., 721; White v. State, 78 Texas Crim. Rep., 216, 185 S. W. Rep., 22; Casey v. State, 78 Texas Crim. Rep., 174, 185 S. W. Rep., 570; Smith v. State, 187 S. W. Rep., 758; Ferguson v. State, 79 Texas Crim. Rep., 641, 187 S. W. Rep., 476.

On question of referring to statement of facts to aid bill of exceptions: Chalk v. State, 35 Texas Crim. Rep., 116, 32 S. W. Rep., 534; Carter v. State, 59 Texas Crim. Rep., 73, 127 S. W. Rep., 215; Capshaw v. State, recently decided.

On question of admitting statement of wife in connection with defendant's reply: Harville v. State, 54 Texas Crim. Rep., 426, 113 S. W. Rep., 283; Vickars v. State, 69 Texas Crim. Rep., 628, 154 S. W. Rep., 578; Redwine v. State, 79 Texas Crim. Rep., 245, 184 S. W. Rep., 196; Johnson v. State, 66 Texas Crim. Rep., 586, 148 S. W. Rep., 328; Downing v. State, 61 Texas Crim. Rep., 519, 136 S. W. Rep., 471; Richardson v. State (Ark.), 96 S. W. Rep., 752; Williams v. State, 40 Texas Crim. Rep., 565.

*C. C. McDonald,* Assistant Attorney General, and *Beeman Strong,* for the State.—On question of res gestae statements: Robbins v. State, 73 Texas Crim. Rep., 367, 166 S. W. Rep., 528; Rainer v. State, 67 Texas Crim. Rep., 87, 148 S. W. Rep., 735.

On question of insufficient bill on dying declaration: Francis v. State, 75 Texas Crim. Rep., 362, 170 S. W. Rep., 779, and case stated in opinion.

On question of statements of husband and wife as res gestae: Arnold v. State, 74 Texas Crim. Rep., 269, 168 S. W. Rep., 122; James v. State, 138 S. W. Rep., 612; Conger v. State, 140 id., 1112; Best v. State, 72 Texas Crim. Rep., 201, and cases cited in opinion.

HARPER, JUDGE.—Appellant prosecutes this appeal from a conviction for manslaughter. While there are three bills of exception in the record, in the argument of appellant's attorney made in open court and in the brief filed, he presents but one of them—the one complaining

of the admission of the alleged dying declaration in evidence. The other two complain that the court was in error in admitting the statement of appellant's wife and his reply, "Oh, go back to the house—I have done nothing but kill a d—n dog." If the remark of the wife had not been necessary to make plain the remark of appellant, her remark would not have been admissible. Certainly no one can contend but that the remark of appellant was admissible. No arrest had been made. No officer was present, and the remark was made almost immediately following the fatal shooting. These bills present no error.

As to the bill complaining of admitting the alleged dying declaration in evidence, the State contends we should not consider it, because in the motion for a new trial this question was not raised, nor presented to the trial court as a reason why the trial court should have set the judgment aside, and we are referred to the case of Gant v. State, 73 Texas Crim. Rep., 279, as supporting the State's contention. (See also Rules pp. VIII to XI, 159 S. W. Rep.; Vinson v. State, 77 Texas Crim. Rep., 546, 179 S. W. Rep., 574; Dees v. Crane, 175 S. W. Rep., 468.) In that case, decided March 14, 1914, we called the attention of the Bar to the fact that our Supreme Court was given authority to prescribe rules for the government of all courts, and had provided that grounds not presented to the trial court in the motion for a new trial could not be considered on appeal. To consider the bill in this case, we must ignore that rule of the Supreme Court. Appellant admits that in his motion for a new trial there is no ground specifically assigning the admission of the dying declaration as error, but says it was an oversight, and contends that inasmuch as we have always heretofore, in emphasizing that we must follow the rules adopted by the Supreme Court, gone into and discussed the bills, we should, notwithstanding the omission, consider his bill in this instance. We have never felt inclined, nor do we now feel inclined, to deprive an appellant of a substantial right by reason of a technical failure to observe the rules, but counsel ought to remember that while this court is a court of final resort, yet the laws of the State and the rules governing the courts are and should be binding on us.

The State insists that, notwithstanding the appellant did not complain in the motion for a new trial of admitting the alleged dying declaration, if we consider it, the bill itself is insufficient to present that question for review, and cites us to the cases of Highsmith v. State, 41 Texas Crim. Rep., 32; Edens v. State, 41 Texas Crim. Rep., 532; Hopkins v. State, 53 S. W. Rep., 619; Medina v. State, 43 Texas Crim. Rep., 52, and other cases. In these cases the rule is stated to be: "A bill of exceptions taken to the supposed error of admitting proof of dying declarations must contain and state that it contains all the predicate laid on which the dying declarations are admitted and must also set out the declaration." Appellant admits his bill does not state that all the predicate was not properly laid, nor that it contains all the testimony heard in laying the predicate for the admission of the

testimony, but says, as the court refers to the statement of facts in approving the bill, this qualification of the court ought to be held to cure the defects of the bill. And he again urges that in the past, while referring to these defects, we have nearly in every instance gone on and discussed the bill, and he asks that we consider this bill.

We will state that we have read this bill and the entire record, and we are of the opinion that had this alleged dying declaration not been introduced in evidence, the jury could and would have been authorized to return no verdict other than at least finding appellant guilty of manslaughter. Of course, the State's case would render appellant guilty of murder, and we will not consider that testimony, but take the testimony offered in behalf of appellant. His testimony is the strongest offered in his behalf, and he admits that deceased was unarmed and in his shirt sleeves. He testifies to no threatening gesture, as if deceased was seeking a weapon of any character. He testifies that deceased was the larger man of the two; that he went to deceased's place of business in search of Mr. Durham, with whom he claimed to have some business; that he asked deceased if Durham was in there, and deceased, instead of answering him, cursed him and hit him; that they scuffled around, when deceased struck him in the mouth and knocked him down, and commenced kicking him; that he asked deceased to quit, and when he would not do so he pulled his pistol and shot him three times; one wound was in the stomach, one in the hand and the other in the thigh. Two of the wounds are apparently from the front, while the other is from the rear. The theory of appellant is that deceased was facing him when he fired the first two shots, and turned as he fired the last shot. The State, by its testimony, would contend that when the first shot was fired deceased had his back to appellant walking off, and he then turned facing appellant.

Appellant admits that deceased was not armed, but says that during the altercation deceased called him a s—n of a b—h and said he would kill him. This remark, the blow in the mouth, the kicks and the relative size of the parties, is appellant's testimony of excuse and mitigation of the killing. If everything he says is true, would it justify appellant in slaying his fellow man? The injuries received by appellant as shown by his testimony, and all the testimony, are such that if deceased was alive and on trial for the assault we could not sustain a verdict of aggravated assault, but the injuries received would only show a simple assault by deceased if appellant's testimony is the correct version of the affair, and if one unjustifiably makes a simple assault on another, causing pain or bloodshed, it reduces the offense to manslaughter but does not justify one in killing There must be danger of death or *serious bodily injury* before he is justifiable in slaying his antagonist. If the law is to be properly enforced, we think the facts of this case would render appellant guilty of manslaughter, taking into consideration alone the testimony offered in his behalf, and taking this view of the case, as he was found guilty of manslaughter

only, we do not feel inclined to ignore the rules of the court in the first place to consider the bill, and then ignore the rules as regards the sufficiency of bills of this character. Appellant is deprived of no substantial right in enforcing the rules.

The judgment is affirmed.

*Affirmed.*