SOUTHWEST TEXAS OIL & GAS CO. v. BOYKIN. (No. 865.)

(Court of Civil Appeals of Texas. El Paso. Oct. 17, 1918. Rehearing Denied Nov. 14, 1918.)

1. PUBLIC LANDS ⟨⊚⟩54(7)—FORFEITURE OF PURCHASE—SUBSEQUENT PURCHASE—RECOVERY FROM OIL PROSPECTOR.

The right to repurchase given by Acts 33d Leg. c. 160 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5423a–5423f), to one whose purchase of public school lands is forfeited for nonpayment of interest, does not constitute such title as to entitle him to compensation or damages from one who between the forfeiture and purchase obtains permit from the state to prospect for oil; chapter 173, § 29 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5020g), denying such recovery to a subsequent purchaser of the land.

2. APPEAL AND ERROR ⟨⊚⟩719(8)—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.

Rendering judgment for plaintiff unsupported by any evidence is fundamental error, apparent on the face of the record, requiring reversal, though there be no assignment of error.

Appeal from Terrell County Court; J. B. Ross, Judge.

Action by M. F. Boykin against the Southwest Texas Oil & Gas Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

A. T. Folsom, of Sanderson, for appellant. Emmett B. Cocke, of San Antonio, for appellee.

HARPER, C. J. May 28, 1912, Boykin purchased from the state of Texas sections of land Nos. 148, 150, and 156, and in due course of time filed proof of occupancy and improvements.

An act of the regular session of the Thirty-Third Legislature 1913, c. 160 (Vernon's

Sayles' Ann. Civ. St. 1914, arts. 5423a–5423f), provided that public school lands purchased after January 1, 1907, and prior to January 1, 1913, may be forfeited for nonpayment of interest and gave the purchaser the right to repurchase after classification and reappraisement.

On July 30, 1914, the lands in question were forfeited by the land commissioner for nonpayment of interest. July 27, 1914, Boykin made request of the land Commissioner to reappraise.

On August 5, 1915, Folson and Anderson filed their applications to prospect for oil on sections 148 and 150, and September 10, 1915, permits to each of them were issued. On October 9, 1915, Savage filed application to prospect for oil and gas on 156, and permit was issued thereon December 1, 1915. On October 17, 1915, the sections in question were reappraised. December 17, 1915, Boykin made his proof of occupancy and certificate issued December 22, 1915. On January 13, 1916, the lands were reawarded to Boykin.

Boykin instituted this suit to recover the sum of $202.84, alleging this to be the balance due him at 20 cents per acre per annum. Further alleges that defendant drilled a well for water on section 148, from which it took water to the value of $500, and prays judgment for a total sum of $702.84.

The defendant answered by general demurrer and general denial, and specially answered that the lands were not owned by the plaintiff at the time the applications to prospect for oil were made; that therefore, under the statute, he had no claim for rents or for damages. Tried with jury and verdict and judgment entered for appellee for $202.-84, from which this appeal.

[1, 2] Appellee urges that, the motion for new trial having been filed after the adjournment of court for the term, it could not and did not form a basis for assignments of error, which is conceded; but there is an error apparent upon the face of the record which must necessarily reverse the case, because fundamental.

The agreed statement of facts discloses, as above indicated, that plaintiff's right to the land was forfeited for nonpayment of interest July 30, 1914, and reawarded to him January 13, 1916. The applications to prospect for oil were all filed prior to the last award and after the title was forfeited. We are therefore of the opinion that plaintiff had no title to the land at the time applications to prospect were filed; holding with the case of Houston Oil Co. v. Reese-Corriher Lumber Co., 181 S. W. 745, that the naked right to reinstate did not constitute such title as to authorize a recovery in view of section 29 of chapter 173, Gen. Laws 33d Leg. (Vernon's Sayles' Ann. Civ. St. 1914, art. 5920g), which reads:

"The issuance of a permit or lease or filing of prospector's affidavit on unsold land included in this act, shall not prevent the sale of the land * * * but in case of such sale after an application * * * the purchaser of such land shall not be entitled to any part of the proceeds of such mineral or mining location nor other compensation, nor shall such purchaser have any action for damages done to such land by or resulting from the proper working or operation under such permit, lease or prospector's claim."

That it is fundamental error to render judgment for plaintiff unsupported by any evidence, see Harper v. Dodd, 30 Tex. Civ. App. 287, 70 S. W. 223; Freeman v. Bank, 145 S. W. 685; Austin Fire Ins. Co. v. Brown, 147 S. W. 680; Schriver v. McCann, 155 S. W. 317.

Appellee urges by cross-assignment that he should have been given judgment for the value of water taken from the well drilled for water by defendant and used in the work of prospecting for oil and gas. It follows that the reason given for the holding that he has had no cause of action applies to this count in the bill, for, if its obligation is to the state and not to the plaintiff in conducting the prospecting, section 23 of the same act (article 5920a) gave it the right to occupy the land for buildings, etc., necessary for operation, and appellee took his title with notice of such rights already acquired.

For the reasons assigned above, the cause must be reversed and rendered, and it is so ordered.