### F. B. HARVEY v. THE STATE.

No. 4256. Decided June 19, 1909.

Rehearing denied October 13, 1909.

**1.—Wilfully Exposing Person—Assignment of Errors—Motion for New Trial.**

An assignment of errors has no place in the Court of Criminal Appeals; all errors must be raised in the motion for new trial.

**2.—Same—Motion for New Trial—Filing.**

Upon appeal it is necessary that the motion for new trial is filed in the court below, otherwise it cannot be considered.

Appeal from the County Court of Knox. Tried below before the Hon. J. H. Milam.

Appeal from a conviction of wilfully exposing person, etc.; penalty, a fine of $10.

The opinion states the case.

*J. S. Kendall* and *Jas. A. Stephens,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of wilfully exposing his person, and his punishment assessed at a fine of $10.

We find no motion for a new trial in the record. We find an assignment of errors, but an assignment of errors has no place in this court. All errors in the charge must be reserved in a motion for a new trial. The assignment of errors is not filed in the lower court. In the absence of motion for a new trial there is nothing in this record authorizing a review.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 13, 1909.

BROOKS, Judge.—This case was affirmed at the last term of this court, and now comes before us on motion for rehearing.

Appellant contends there is a motion for a new trial in the record. There is an unsigned portion of what purports to be a motion for a new trial, though it does not appear to have been filed and is indexed as an assignment of errors. Unless a motion for new trial is filed it cannot be reviewed by us. The motion for rehearing is accordingly overruled.

*Overruled.*