### Joel Gant v. The State.

No. 3055. Decided March 18, 1914.

**1.—Murder—Rules of Supreme Court—Motion for New Trial.**

The rules of our Supreme Court provide that in a motion for a new trial in the trial court all grounds relied on shall be stated, or the Appellate Court will not consider such grounds, and where the bills of exception were not filed until after the trial court adjourned and no complaint is made in regard to any of these matters in the motion for new trial, the same can not be considered.

**2.—Same—Bills of Exception—Practice on Appeal—Rule Stated.**

The record must disclose that the bills of exception were presented to the trial judge and that they were overruled, and this must appear in the motion for new trial, and bills of exception filed after adjournment of which no complaint is made in the motion for new trial can not be considered on appeal.

**3.—Same—Assignments of Error—Practice on Appeal.**

Assignments of error other than the motion for new trial have no place in the record on appeal and will be stricken out therefrom; however, when the bills of exception are considered they present no error.

**4.—Same—Dying Declarations—Evidence.**

Where it was manifest that deceased had no hope of recovery and knew that death was certain, his declarations then made were admissible in evidence.

**5.—Same—Evidence—Res Gestae.**

Upon trial of murder there was no error in permitting the wife of the deceased to testify that she was near him when the fatal shot was fired and at once went to him; this was res gestae.

**6.—Same—Evidence—Ill-will.**

Upon trial of murder there was no error in admitting testimony to show the bad feeling existing between the parties to show motive.

**7.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show what answer, if any, the witness gave to the question propounded, and in another bill that the court sustained the objection to the questions which in themselves presented no error, there was no error.

**8.—Same—Jury and Jury Law—Affidavits.**

In the absence of supporting affidavits of other evidence to the complaint that the juryman could neither read nor write, and the record showing that he could, there was no error.

**9.—Same—Charge of Court—Objections.**

In the absence of exceptions filed to the charge of the court during the trial as the law requires, complaints in the motion for new trial would come too late; besides, there was no error.

**10.—Same—Requested Charges.**

In the absence of any objection to the charge of the court at the time the same was read to the jury, a refusal of a special requested charge can not be considered; besides, the same was embraced in the court's main charge.

**11.—Same—Separation of Jury—Affidavits.**

In the absence of supporting affidavits or bill of exceptions presenting the testimony, a complaint that the jury separated during its deliberation can not be considered on appeal.

**12.—Same—Indictment.**

Where, upon trial of murder, the indictment sent up with the record was sufficient, there was no error.

Appeal from the District Court of Marion. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder; penalty, seventeen years imprisonment in the penitentiary.

The opinion states the case.

*R. R. Taylor,* for appellant.—On question that the juror was unable to read and write: Rainey v. State, 20 Texas Crim. App., 455; Johnson v. State, 21 id., 368.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder, and his punishment assessed at seventeen years confinement in the penitentiary.

The record before us contains several bills of exception relating to the admissibility of certain testimony. These bills were not filed until after court adjourned, and in the motion for a new trial no complaint is made in regard to any of these matters. Our Constitution has provided that the Supreme Court may make rules for the government of proceedings in all the courts in this State, and the Supreme Court has provided in its rules that in a motion for a new trial filed in the trial court all grounds relied on shall be stated, or the court on appeal will not consider such grounds. (Rules, vol. 142, S. W. Rep., pp. vii, et seq.)

In the motion for a new trial the matters complained of in these bills of exception were not presented to the trial court as a reason why he should grant a new trial, and they are presented to us in bills of exception filed after term time. Of course, the bills can be filed after term time if the matter is presented to the trial court in the motion for new trial, but hereafter to authorize this court to review these matters, the record must disclose that they were presented to the trial judge in the motion for a new trial, and that he overruled them. Motions for a new trial are required to be filed that the trial judge may correct his own errors, if error there be; it is not fair to him to present a matter to us and ask that we reverse a ruling which he was given no opportunity to rule on. We call attention to this matter, and will expect and require attorneys to present all the grounds upon which they rely in the motion for new trial filed in the court below. As frequently said by this court, "assignments of error" other than the motion for new trial, have no place in the record and will be stricken therefrom. However, we have read these bills, and they present no error in the ruling of the trial court. The first relates to the testimony of Dr. Lake, who testified as to statements made to him by deceased. It is manifest that deceased had no hope of recovery and knew that death was certain, and that the statement made was clearly admissible under the rules governing dying declarations. In the second bill it is claimed the court erred in admitting the testimony of Matilda Howard, who testified she was the wife of deceased, was near him when the fatal shot was fired, and at once went to him. This statement was admissible as res gestae of the transaction. In the third bill it is claimed that the court erred in admitting testimony going to show that there was "bad feeling between the Gants and Howards," Phil Howard being the deceased. The bill is too indefinite to present any question for review. It would be clearly admissible to show that bad feeling existed between appellant, Joel Gant, and deceased, Phil Howard, on the question of motive, and the bill presents no error. In the next bill it is not shown what answer, if any, W. B. Stallcup gave to the question propounded; and in the next it is shown that the court sustained the objection to the question propounded to the witness Izora Lang, and the questions in and of themselves present no error.

The next bill complains that the juryman Doc Lock was disqualified because he could not read nor write. This ground of the motion is supported by no affidavit; the bill contains no evidence adduced on the hearing, and the court, in approving the bill, states: "The testimony of Doc Lock shows that he could read and write."

This case was tried the 23rd day of last November, and no objection or exceptions were filed to the charge of the court during the trial, and complaints in the motion for a new trial would come too late. However, we have carefully reviewed the grounds stated in the motion for new trial, and are of the opinion none of them present error.

The only special charge requested by appellant was sufficiently em-

braced in the charge of the court, in the absence of any objection to the charge as given at the time same was read to the jury.

There is a complaint in the motion for new trial that the jury was permitted to separate during its deliberation. This ground is supported by no affidavit to the motion for new trial; no bill of exceptions is reserved, presenting the testimony heard, and the testimony heard, if any, was not filed during term time. So we can not review this ground of the motion.

The original indictment is sent up with the record, and is not subject to the criticism contained in the motion to quash.

The judgment is affirmed.                                        *Affirmed.*