WOODLEY v. PIKE.   (No. 1033.)

(Court of Civil Appeals of Texas.   Amarillo.
Nov. 15, 1916.)

1. APPEAL AND ERROR ⬤⟿722(1) — ASSIGN-
MENTS OF ERROR.

Assignments of error cannot be considered
where there is no compliance with Rev. St.
1911, art. 1612, as amended by Acts 33d Leg.
c. 136, providing that assignments in motions
for new trial shall constitute the assignments
on appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2990, 2994–2996; Dec.
Dig. ⬤⟿722(1).]

2. APPEAL AND ERROR ⬤⟿719(4)—ASSIGN-
MENTS OF ERROR—FUNDAMENTAL ERROR.

Error in litigating an issue involving an
element of recovery not pleaded is fundamental,
and may be reviewed, though not assigned.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2973, 3490; Dec. Dig. ⬤⟿
719(4).]

3. JUDGMENT ⬤⟿18(2)—PLEADINGS TO SUS-
TAIN.

The petition of a lessee, seeking to recover
a sum of money which he claimed was due him
as the proceeds of his one-half share of wheat
raised on the demised premises, alleged that ap-
proximately 4,400 bushels were raised which
was sold for $3,900, and that there was due
him the sum of $500. The lessor counterclaim-
ed, and on cross-examination the lessee testified
that he received only $800 cash for the wheat.
He was shown a check drawn by lessor payable
to his order, which had been paid, and he testi-
fied that such check represented the proceeds of
his one-half share of wheat in an elevator, but
did not involve the matter in controversy.
There was a judgment for the lessee.   Held
that, though the evidence showed that the crop
sold for more than was alleged in the petition,
the judgment was not objectionable on the
ground that recovery was based on an element
of recovery not pleaded, for the lessor, having
introduced the check in support of his defense
and counterclaim, cannot complain that the
lessee explained that it related to another
transaction.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. § 36; Dec. Dig. ⬤⟿18(2).]

Appeal from Wheeler County Court; M.
M. Miller, Judge.

Action by W. L. Pike against E. L. Wood-
ley, who counterclaimed.   From a judgment
for plaintiff, defendant appeals.   Affirmed.

H. B. Hill and J. B. Clark, both of Sham-
rock, for appellant.   M. Reynolds, of Sham-
rock, for appellee.

HENDRICKS, J.   Pike sued Woodley for
the sum of $501, alleged to be due on a
breach of rental contract in regard to a cer-
tain wheat crop.   The claim was that the de-
fendant, Woodley, was to furnish the land,
teams, tools, and feed for the teams, the
plaintiff to furnish the labor, but the costs
for thrashing were to be divided equally be-
tween landlord and tenant; that the de-
fendant was to receive the usual and custom-
ary rent, alleged to be one-half of the crop.
It is further alleged that approximately 4,400
bushels of wheat were produced upon the
land which the defendant, Woodley, the land-

lord, sold for $3,904.04, one-half of which
was due the plaintiff, with the exception of
$800 paid by defendant to plaintiff, after the
sale of the wheat, and $651, which plaintiff
admitted that he owed the defendant, leaving
an actual balance, according to the allega-
tions, of $501 owing by defendant.   Quoting
from appellant's brief:

"Defendant denied there was ever any rental
contract, and further says that he made ad-
vances to plaintiff in the sum of $1,673.09, all
of which was incidental to the transaction;
that the total amount paid the plaintiff by de-
fendant was $2,473.09, whereby appellant asks
for judgment against appellee in the sum of
$521.07."

[1–3] The principal ground of alleged er-
ror, the best we are able to ascertain, seems
to be based upon the following condition:
The plaintiff, Pike, while on the witness
stand, and under cross-examination by ap-
pellant's counsel, answered that $800 was all
he received in actual money for the wheat.
He was then handed a check for the sum of
$367.76, shown to have been made by Wood-
ley, payable to Pike, and which had been
paid, and with reference to which the appel-
lee answered that it was for undivided wheat
which they had in the elevator, and which
represented the purchase price of his (Pike's)
interest in the same.   He further answered
that this check had nothing to do with the
matter under investigation.   Again, on redi-
rect examination, Pike's counsel asked him
about this particular check for $367.76, and
the plaintiff answered that it represented an-
other and different division of wheat not in-
cluded herein, and to which defendant ob-
jected that this amount, or matter, was not
pleaded in plaintiff's petition.   Appellant's
assignments are wholly insufficient for many
reasons, the principal of which is that article
1612, as amended by chapter 136 of Acts of
the 33d Legislature (providing that the as-
signments in the motion for new trial shall
constitute the assignments on appeal), is not
complied with; but, as an issue litigated and
found upon, and not pleaded, when an ele-
ment of recovery, constitutes fundamental
error, the matter is reviewed.   It is noted
that the defendant in order to set up a coun-
terclaim pleaded generally advances and pay-
ments in which the particular check was in-
tended to be included though not specifically
mentioned in order to reach the result, as a
balance, sued upon.   Of course, the element
developed the fact that the entire crop sold
for more than alleged in plaintiff's petition,
but the matter of settlement affecting the
sum of $3,900, collected by defendant upon
plaintiff's petition, only was involved—not so
much how many bushels of wheat were
sold, but was plaintiff really entitled to
any part of the $3,900 mentioned?   When ap-
pellant introduced the particular check en-
tering into his counterclaim, appellee had
the right to show it was no part of the

$3,900 and represented the division and purchase of different wheat, which the $3,900 represented, and could show it under the general denial, and especially considering the agreement made as to objections.

Appellant seems to entertain the view that, because appellee pleaded that 4,400 bushels of wheat brought the $3,900 actually received by appellant for a part of the wheat, it would cut him off from showing, though in rebuttal of defendant's counterclaim, that the $3,900 was all the 4,400 bushels of wheat brought, and that appellant could charge appellee with the check and thereby reduce the latter's demand, and include the amount, represented by the check, in the $3,900 charged to have been received and as to which appellee was attempting to make appellant account. The trial court pursued the legal course.

We are unable to consider any of the remaining assignments as such, and the judgment is affirmed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.