Verge Sessions v. The State.

No. 4408. Decided June 6, 1917.

1.—Carrying Pistol—Motion for New Trial—Filing—Statutes Construed—Misdemeanor.

Under article 839, Code Criminal Procedure, it is mandatory in misdemeanor cases that the motion for new trial, if made, be filed within two days; not so, however, in felony cases. Following Banks v. State, 186 S. W. Rep., 840.

2.—Same—Right of Appeal—Bills of Exception—Statement of Facts—Motion for New Trial.

Where the record contains a statement of facts and bills of exception, in an appeal from a conviction in a criminal case, this court has the right to consider them, even in the absence of a motion for new trial. Qualifying Gant v. State, 73 Texas Crim. Rep., 279. Prendergast, Judge, dissenting.

3.—Same—Constitutional Law—Supreme Court—Rules for the Courts—Assignments of Error.

While the Supreme Court of Texas is authorized to make rules governing that and other courts in the State, and has from time to time made rules for

the District Court, and this court, none of these affect the question as to a motion for new trial in criminal cases, and the rule on which the Gant case, supra, and those following it, are based is one relating to assignments of error pertaining to civil cases only, as this court requires no assignments of error, and this rule does not control the authority of this court to pass upon questions in the record of appeals, and the Supreme Court has not undertaken to make rules for this court for that purpose. Prendergast, Judge, dissenting.

**4.—Same—Rules of Supreme Court—Rules for Courts—Statutes Control.**

Even if the rules mentioned had been intended to apply to this court and given the effect accorded it in the Gant case, it would have been beyond the power of the Supreme Court, as it has no power to make rules inconsistent with legislative enactment. Following Johnson v. State, 49 Texas Crim. Rep., 429. Prendergast, Judge, dissenting.

**5.—Same—Procedure—Motion for New Trial—Court of Criminal Appeals.**

Under the various articles, Code Criminal Procedure, it is provided that an appeal from a conviction may be taken to this court at any time during the term by giving notice of appeal, etc., and there is no statute requiring a motion for a new trial to be filed. This is simply a privilege of the defendant, and he is nevertheless entitled to his statement of facts, and if he reserves bills of exception during the trial the decision of the lower court may be revised or reviewed upon appeal. Prendergast, Judge, dissenting.

**6.—Same—Statutes Construed—Bill of Exceptions—Charge of Court—Motion for New Trial.**

Prior to the passage of the Act of 1913, now article 743, Code Criminal Procedure (formerly article 727, C. C. P.), requiring an exception to the charge of the court before it is read to the jury, objections to the charge of the court were reserved in the motion for new trial, etc. Since that enactment exceptions to the charge of the court and the refusal of special charges are reserved by bills of exceptions, and no motion for new trial is necessary to bring the appeal before this court for review, except in those cases where some matter arises which neither a bill of exceptions nor a statement of facts would bring into the record. Following M., K. & T. Ry. Co. v. Beasley, 106 Texas, 160, and other cases. Prendergast, Judge, dissenting.

**7.—Same—Rule Stated—Motion for New Trial—Bills of Exceptions—Statement of Facts.**

Where an appeal is prosecuted in a criminal case, this court is required, by the law, to consider questions raised by bills of exception properly prepared and made a part of the record, and a statement of facts prepared and filed in compliance with the statutes, and it is not absolved from this duty by the failure of the defendant below to file a motion for new trial. Prendergast, Judge, dissenting.

**8.—Same—Carrying Pistol—Own Premises—Charge of Court—Burden of Proof.**

Where, upon trial of unlawfully carrying a pistol, it was doubtful that the testimony showed that the defendant was off of his own premises at the time he carried the pistol, and that he possibly never stepped out of his yard and, even if he did, whether he committed an offense, the requested charge submitting this issue in a more accurate and affirmative manner than the main charge, which placed the burden of proof on defendant, should have been submitted, and a failure to do so was reversible error. Prendergast, Judge, dissenting.

**9.—Same—Statutes Construed—Practice and Procedure—Rule Stated.**

Statutes with reference to practice and procedure, where they redound to the benefit of the accused are enacted to the end that the law may be fairly and legally enforced, and it was never intended to give these statutes such a construction as would deprive parties of a fair, legal trial; and where defendant

properly filed his bill of exceptions and statement of facts, upon trial of un-lawfully carrying a pistol, and gave proper notice of appeal, which was entered or record, this court will review the questions reserved in the court below, although defendant has filed no motion for new trial in the lower court. Pren-dergast, Judge, dissenting.

Appeal from the County Court of Kaufman.   Tried below before the Hon. J. P. Coon.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Lee R. Stroud,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—Appellant was tried before a jury for unlaw-fully carrying a pistol, and on conviction his punishment was affixed at a fine of $100.

Appellant complains that the court refused to consider his motion for a new trial; which appears to have been filed three days after the conviction.  Under article 839, C. C. P., the court is given discretion to hear a motion for new trial in felony cases after two days, but the requirement that they should be filed within two days appears to be mandatory in misdemeanor cases.  Banks v. State, 79 Texas Crim. Rep., 508, 186 S. W. Rep., 840.

The record contains a statement of facts and bills of exception.  The right to consider these in the absence of a motion for a new trial is challenged by the State.  In Gant's case, 73 Texas Crim. Rep., 280, it is held that this court will not review matters which have not been presented to the trial court in a motion for a new trial.  This ruling has been followed in several cases.  Smith v. State, 189 S. W. Rep., 484; Vinson v. State, 77 Texas Crim. Rep., 546, 179 S. W. Rep., 574.  This ruling is based upon a rule of the Supreme Court.  The Constitution authorizes the Supreme Court to make rules governing that and other courts in the State.  (Art. 5, sec. 25.)  So far as our investigation has led us, the Supreme Court has under this provision made but three rules for the Court of Criminal Appeals.  These were made in 1877 shortly after the Constitution was adopted and will be found in vol-ume 2, Court of Appeals Reports, page 645.  Neither of these rules pre-scribe any condition precedent to the review by this court of errors of the trial court.  The Supreme Court has from time to time made rules for the District Court, some of which are stated therein for the pur-pose of directing the manner of preparing transcripts for appeal to this court.  Some of these are discussed in Ratliff's case, 29 Texas Crim. App., 248, and in cases listed in Harris' Ann. Constitution, p. 489.  None of these purport to affect the question on motion for new trial.  Numerous rules have been made by the Supreme Court for that

court and the Courts of Civil Appeals. 142 S. W. Rep., p. vii; 159 S. W. Rep., p. x. The rule on which the Gant case and those following it are based is one relating to assignments of error. Article 1612, Revised Civil Statutes of 1911, contains a provision with reference to assignments of error. It pertains to civil cases only. In fact, assignments of error have never been required in this court. Branch's Ann. P. C., p. 311, sec. 604, and cases cited. That statute was amended in 1913 so as to dispense with assignments of error in the civil courts where a motion for new trial was filed. In consequence of this statute, the Supreme Court added rule 101a to the rules for the District Court. This will be found at page x, 159 S. W. Rep.

We think it is a mistaken view to assume that this rule controls the authority of this court to pass upon questions disclosed in the record of appeals. The Supreme Court has not undertaken to make rules for this court for that purpose, and it is a mistake to hold that those made for other courts would have such effect. Even if the rule mentioned had been intended to apply to this court, and given the effect accorded it in Gant's case, it would have been, in our judgment, beyond the power of the Supreme Court. It has no power to makke rules inconsistent with legislative enactment. Johnson v. State, 49 Texas Crim. Rep., 429. The procedure for appeals to the Court of Criminal Appeals is prescribed by statute. Article 914, C. C. P., provides that an appeal from conviction may be taken at any time during the term, and article 915 provides that this is accomplished by giving notice of appeal and having it entered of record. There is no statute requiring a motion for a new trial to be filed. Title 9, chapter 1, Vernon's Ann. C. C. P., gives the convicted defendant the privilege of filing one, requires the court to grant it under certain circumstances, declares when it shall be filed; and article 840 gives its requisites as follows: "All motions for new trials shall be in writing and shall set forth distinctly the grounds for which the new trial is asked"; and article 844 of the same chapter provides: "Where the defendant has failed to move for a new trial, he is nevertheless entitled, if he appeals, to have a statement of facts certified and sent up with the record." Article 744 requires the trial court to sign a bill of exceptions on request showing his ruling, "in order that such decision, opinion, order or charge may be revised upon appeal." Prior to the passage of the Act of 1913 (art. 743, C. C. P.), requiring an exception to the charge before it is read to the jury, exceptions were reserved to the charge in the motion for a new trial. The motion for a new trial was the first opportunity the trial court was given under the law to know the objections that a defendant had to suggest. Since that enactment, exceptions to the charge and the refusal of special charges are reserved by bills of exception, the court having been given an opportunity to pass upon the questions before the charge was given. These statutes, article 744, relative to bills of exceptions, and article 844, with reference to statements of facts, and the decisions of this court, and the statute providing the requisites of bills of exceptions and statements of facts, constitute the

statutory means of bringing before this court questions for review, except in those cases where some matter arises which neither a bill of exceptions nor a statement of facts would bring into the record. In such cases the motion for a new trial and the ruling of the court thereon and the evidence heard in connection therewith serve the purpose of making such matters a part of the record, and it is only with reference to such matters, in our judgment, under our statute that a motion for a new trial becomes necessary to authorize a review of the proceedings, and it is necessary only with reference to such proceedings as are not otherwise a part of the record.

Such we understand to be the view of the Supreme Court. Railway Co. v. Beasley, 106 Texas, 160, wherein the rule referred to in the Gant case, supra, was discussed in connection with article 2062, Revised Civil Statutes; and to the same effect is the decision of the Supreme Court in Western Union v. Mitchell, 89 Texas, 441, from which we copy the third subdivision of the syllabus, as follows:

"When the trial court overrules or sustains exceptions to the petition, admits or rejects evidence, or gives, refuses, or qualifies instructions, and such action becomes matter of record, being the action of the court itself, it is subject to revision. The aggrieved party is not bound to ask a revision of such ruling in a motion for new trial."

Our conclusion from the foregoing authority is that where an appeal is prosecuted, this court is required by the law to consider questions raised by bills of exception properly prepared and made a part of the record, and a statement of facts prepared and filed in compliance with the statute, and that it is not absolved from this duty by the failure of the defendant below to file a motion for a new trial.

Acting on this conclusion we proceed to consider the questions thus raised in this case.

It appears that appellant while at work in an oil mill received information that he was in danger of attack from certain parties; that on his way home from work he purchased a pistol and carried it to his home, and after he reached home, before he had taken the pistol off of his person, some people came to his residence after night and attracted his attention, and he walked out to ascertain who they were and what was wanted, and that while doing so he was arrested with the pistol in his possession. There was a sharp issue of fact as to whether he stepped off of his premises or not, it being claimed by the State that he did walk a few feet off of his premises, and this the defendant denied. The officer who arrested him said that the appellant's house was from five to eight feet back from the street; that there were parties in front of his house and that the officer called these parties and that the appellant walked off of his porch and came off of his yard and was arrested. We quote from the officer as follows: "About that time the said two negroes in front of the house drove off in the buggy from where they were stopping, and then the defendant came around his house from his back porch, and came walking along towards where I was when I had called to Burton and Rice, and when

defendant had come off his yard towards me I spoke to him and he started back and I grabbed him, and Mr. Keith also stepped up and took hold of him and we searched him right there and took a pistol off his person. Defendant's house is east of that street about five to eight feet, and when I caught defendant and arrested him there with Mr. Keith he was not inside of his yard but had advanced from off his yard towards me until he had gotten off his yard into the street. He was in the street when I arrested him, for I never did leave the street myself and he was in the street when I grabbed him. He had started back a little when I caught him toward the house but was outside his yard." The appellant and several witnesses testified that he did not go outside of his yard. The owner of the premises which appellant was occupying as a tenant testified that the ground in front of appellant's house where the travel passed it was not in the street but on the premises occupied by appellant. He said: "There is a break, or ravine, at the west side of that street right opposite to his house, which so obstructs or impairs the street there as to cause the travel along there right opposite his house to slightly encroach upon the defendant's yard; that is, what appears to be the east side of the street is on a part of defendant's yard for perhaps just a few feet."

It is doubtful in view of this testimony whether the proof showed that appellant was off his premises with the pistol, and even if he was it is not clear that his act in stepping out of his yard under the circumstances, with the pistol on his person, would show an offense. The court on this subject charged the jury as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant had on his person a pistol as charged but that he was on his own premises and not in the street, then the defendant would be guilty of no offense under our laws." This charge was excepted to and is not accurate, because it puts the burden of proof on appellant to prove his defense. The appellant also requested a charge submitting this issue in a more accurate and in an affirmative manner, and in our judgment the bill of exceptions to the paragraph of the court's charge mentioned in connection with the refusal of this special charge presents error. Branch's Ann. P. C., p. 560, sec. 975.

And, because of this error, it is ordered that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The statute (art. 839, C. C. P.) positively requires: "A new trial must be applied for within two days after the conviction; but, for good cause shown, the court, *in cases of felony,* may allow the application to be made at any time before the adjournment of the term at which the conviction was had. When the court adjourns before the expiration of two days from the conviction, the motion shall be made before the adjournment."

This court has expressly held this statute is mandatory, and that in *misdemeanor* convictions, motions for new trial can not be filed

nor considered unless filed within two days after conviction. (Banks v. State, 79 Texas Crim. Rep., 508, 186 S. W. Rep., 840.) This statute and decision is expressly permitted to stand under the majority opinion herein.

. The appellant did not ·file any motion for a new trial within two days after his conviction. When he attempted to do so later, the court, on the motion of the State, correctly struck out his motion for a new trial and expressly refused to consider it. Hence, the case stands in this court, without any motion for a new trial, and is so stated and treated by the majority opinion.

Under such circumstances, this court has heretofore uniformly, and in a great many decisions, held that this court can not consider nor pass on any question not saved and raised by a motion for new trial in the trial court during term time. In other words, that this court can pass only on questions raised by appellant's motion for new trial, and which must have been presented to and acted upon by the trial court, at the term of conviction.

I will cite and quote some of these decisions. In Keye v. State, 53 Texas Crim. Rep., 322, appellant therein had a bill of exceptions to the exclusion of certain testimony offered by him, but he did not make . that a ground of his motion for a new trial. This court, through Judge Ramsey, held: "Appellant contends that the court erred in excluding the testimony of the witness Randalls in respect to statements of Margaret Speed, an inmate of Blanche Dumont's house, that they (meaning the Dumont people) would be fixed for him if he came back. A sufficient answer to this contention is, that it was not made a ground of the motion for a new trial. . . ." Judges Davidson, Brooks and Ramsey then composed this court. All concurred in that decision.

In Veas v. State, 55 Texas Crim. Rep., 125, this court, composed of the same judges, through Judge Brooks held: "Various errors are suggested in appellant's brief in addition to the above grounds set up in the motion for new trial why this case should be reversed, but under article 723 of the Code of Criminal Procedure, the present court has held that same will not be reviewed *where there is no complaint in motion for new trial of such supposed errors.*" All the judges concurred.

In Harvey v. State, 57 Texas Crim. Rep., 7, this court composed of the same judges through Judge Brooks held: "We find no motion for a new trial in the record. We find an assignment of errors, *but an assignment of errors has no place in this court. All errors in the charge must be reserved in a motion for a new trial.* The assignment of errors is not filed in the lower court. In the absence of motion for a new trial there is nothing in this record authorizing a review." On rehearing, page 8, it was held: "Appellant contends there is a motion for a new trial in the record. There is an unsigned portion of what purports to be a motion for a new trial, though it does not appear to have been filed and is indexed as an assignment of errors. *Unless a*

*motion for new trial is filed it can not be reviewed by us."*  All the judges concurred.

In Daniels v. State, 58 Texas Crim. Rep., 369, when this court was composed of Judges Davidson, Ramsey and McCord, this court through Judge McCord held: "Counsel in their brief urge an objection to the charge of the court in that court submitted the case to the jury on the question of assault to murder, and on aggravated assault, growing out of an injury inflicted produced by passion aroused by an adequate cause, and did not submit the issue of aggravated assault if intent was not to kill. *No such objection is urged in the motion for new trial, and, therefore, same can not be considered."*  All the judges concurred.

In Frazier v. State, 61 Texas Crim. Rep., 647, when this court was composed of Judges Davidson, Harper and myself, through Judge Harper we held: "There are several criticisms of the charge of the court in the motion for a rehearing, but *this court has always held that we would not consider grounds that were not assigned in the motion for new trial."*  All the judges concurred.

In Tilmeyer v. State, 62 Texas Crim. Rep., 272, while this court was composed of the same judges, through Judge Harper, we held: "Complaint is made that 'assignments of error and propositions thereunder,' contained in appellant's brief were not considered by the court. In the brief appellant admits no 'assignments of error were filed in the lower court,' and on appeal we consider only such matters as were presented in bills of exception and motion for a new trial presented to the trial court. In Harvey v. State, 57 Texas Crim. Rep., 7, it is held: 'We find an assignment of error, but an assignment of error has no place in this court. All errors in the charge must be reserved in motion for new trial. The assignment of errors is not filed in the lower court. In the absence of a motion for a new trial there is nothing to review.' Again in Flournoy v. State, 57 Texas Crim. Rep., 88, it is held: 'There is some criticisms of the charge in the brief which are not mentioned in the motion for a new trial. As these matters are presented they can not be considered.' And in Veas v. State, 55 Texas Crim. Rep., 125, this court says: 'Various errors are suggested in appellant's brief in addition to the above grounds set up in the motion for a new trial why this case should be reversed, but under article 723 of the Code of Criminal Procedure, the present court has held that same will not be reviewed where there is no complaint in the motion for new trial.' For a number of years it has been the rule of decision that this court will not consider 'assignments of error.'" All the judges concurred. In the Flournoy case cited and quoted supra, Judge Davidson wrote the opinion. All the judges concurred therein. The court was then composed of Judges Davidson, Brooks and Ramsey.

In Day v. State, 62 Texas Crim. Rep., 448, when Judges Davidson, Harper and myself composed this court, through Judge Harper, we held: "Appellant filed his motion for a new trial on October 10th, and it was overruled by the court on the same day. On December 10th appellant filed assignments of error in which a number of matters are

complained of not presented in motion for a new trial. These we can not consider. *The unvarying rule in this court has been that nothing that is not presented in the motion for a new trial will be reviewed by this court on appeal.* Harvey v. State, 57 Texas Crim. Rep., 7; Veas v. State, 55 Texas Crim. Rep., 125." All the judges concurred.

In Vela v. State, 62 Texas Crim. Rep., 361, we held the same. All the judges concurred.

In Taylor v. State, 62 Texas Crim. Rep., 611, we held the same. All the judges concurred.

In Rome Ellington v. State, 63 Texas Crim. Rep., 420, when the court was composed of Judges Davidson, Harper and myself, we held: "The contentions in the brief having no support in the motion for new trial, can not be considered by us. *It has been the uniform holding of this court that error not assigned in the motion for a new trial can not be reviewed by us on appeal* (Bailey v. State, 45 S. W. Rep., 708), and a mere suggestion of error in the motion for a new trial is insufficient; it must point out the error that the court may know in what the complaint consists. (Martin v. State, 38 Texas Crim. Rep., 462). There being no error assigned in the motion for a new trial, the judgment is affirmed." All the judges concurred.

In the next case of John Ellington v. State, 62 Texas Crim. Rep., 424, we held the same way. All judges concurred.

In Fifer v. State, 64 Texas Crim. Rep., 203, when this court was composed of the same judges, Davidson, Harper and myself, we held: "Neither can we consider the assignments of error in the transcript. This court has held that we can only look to the motion for a new trial, and consider such questions as there raised." All the judges concurred on this point. While Judge Davidson dissented on other points, he did not dissent on this.

In Wormley v. State, 65 Texas Crim. Rep., 48, we held: "These are all the grounds stated in the motion for a new trial, and we are not permitted under the decisions of this court to consider grounds stated in the assignments of error, filed later on, not included in the motion for a new trial. Harvey v. State, 57 Texas Crim. Rep., 7." All the judges concurred.

In White v. State, 70 Texas Crim. Rep., 285, when we same judges composed this court, we held as before. We all concurred.

In Gant v. State, 73 Texas Crim. Rep., 279, we held: "The record before us contains several bills of exception relating to the admissibility of certain testimony. These bills were not filed until after court adjourned. And in the motion for a new trial no complaint is made in regard to any of these matters. Our Constitution has provided that the Supreme Court may make rules for the government of proceedings in all the courts in this State, and the Supreme Court has provided in its rules that in a motion for a new trial filed in the trial court all grounds relied on shall be stated, or the court on appeal will not consider such grounds. (Rules, vol. 142, S. W. Rep., pp. vii et seq.)

(159 S. W. Rep., viii to xi.) In the motion for a new trial the matters complained of in these bills of exception were not presented to the trial court as a reason why he should grant a new trial, and they are presented to us in bills of exception filed after term time. Of course, the bills can be filed after term time if the matter is presented to the trial court in the motion for new trial, but hereafter to authorize this court to review these matters, the record must disclose that they were presented to the trial judge in the motion for a new trial, and that he overruled them. Motions for a new trial are required to be filed that the trial judge may correct his own errors, if error there be; it is not fair to him to present a matter to us and ask that we reverse a ruling which he was given no opportunity to rule on. We call attention to this matter, and will expect and require attorneys to present all the grounds upon which they rely in the motion for new trial filed in the court below. As frequently said by this court, 'assignments of error' *other than the motion for new trial,* have no place in the record and will be stricken therefrom." We all concurred.

In Jones v. State, 73 Texas Crim. Rep., 152, where I had the honor to write the opinion, we held: "This case was tried on October 30, 1913, after the new law and new rules of procedure had been in effect since July 1, preceding. Under these, only such matters as are presented in appellant's motion for new trial can be assigned as error and passed upon by this court. Gant v. State, and authorities therein cited, decided March 18, 1914." We all concurred.

The latest decision before the majority opinion herein was in Smith v. State, 189 S. W. Rep., 484, rendered on October 25, 1916, and in which a motion for rehearing, again presenting that question, was overruled on November 22, 1916,—just a little more than a month before Judge Morrow became a member of this court. In that case Smith, the appellant therein, had at the proper time, objected to the introduction of certain important evidence against him. The trial court overruled his objections, and he saved the point by a proper bill of exceptions duly allowed and approved by the trial judge. But in his motion for a new trial he did not make this ruling and bill a ground for a new trial. We held: "As to the bill complaining of admitting the alleged dying declaration in evidence, the State contends we should not consider it, because in the motion for a new trial this question was not raised, nor presented to the trial court as a reason why the trial court should have set the judgment aside, and we are referred to the case of Gant v. State, 73 Texas Crim. Rep., 279, 165 S. W. Rep., 142, as supporting the State's contention. See, also, Rules pp. viii to xi, 159 S. W. Rep.; Vinson v. State, 77 Texas Crim. Rep., 546, 179 S. W. Rep., 574; Dees v. Crane, 175 S. W. Rep., 468. In that case, decided March 14, 1914, we called the attention of the bar to the fact that our Supreme Court was given authority to prescribe rules for the government of all courts, and had provided that grounds not presented to the trial court in the motion for a new trial could not be

considered on appeal. To consider the bill in this case, we must ignore that rule of the Supreme Court. Appellant admits that in his motion for a new trial there is no ground specifically assigning the admission of the dying declaration as error, but says it was an oversight, and contends that, inasmuch as we have always heretofore, in emphasizing that we must follow the rules adopted by the Supreme Court, gone into and discussed the bills, we should, notwithstanding the omission, consider his bill in this instance. We have never felt inclined, nor de we now feel inclined, to deprive an appellant of a substantial right by reason of a technical failure to observe the rules, but counsel ought to remember that, while this court is a court of final resort, yet the laws of the State and the rules governing the courts are and should be binding on us." This court was then composed of Judges Davidson, Harper and myself. We all concurred.

In Vinson v. State, 77 Texas Crim. Rep., 546, 179 S. W. Rep., 575, appellant filed in the court below after the trial an "assignment of error" seeking thereby to present errors not set up in his motion for a new trial. We held: "Why is a motion for a new trial required to be filed? It is to enable the trial court to correct his own errors, if errors there be, in the trial of the case, and it is not fair to the trial court to seek to present error in the record to this court to which his attention was not called. It is the rule in this State in all the appellate courts now that all grounds relied on to present error must be contained in the motion for a new trial filed in the court below. The rules adopted by the Supreme Court now provide: 'All errors not directly specified in the motion for a new trial shall be waived.' Rule 101a (159 S. W. Rep., xi). The Constitution and laws of this State authorize the Supreme Court to adopt rules for the government of all the courts in this State, and such rules govern, when not in conflict with some statutory provision. Of course, it is provided that fundamental error may be presented at any time. . . . Assignments of error, filed in vacation, have no place in a transcript in a criminal case. The motion for a new trial is what we look to, and that alone. Harvey v. State, 57 Texas Crim. Rep., 207, 116 S. W. Rep., 1147; Veas v. State, 55 Texas Crim. Rep., 125, 114 S. W. Rep., 830." . . . Judges Davidson, Harper and myself then constituted this court. We all concurred.

The bills of exceptions to admitted or excluded evidence, or to the charge of the court, or to refused charges, or on any other grounds, are not of and within themselves "assignments of error"—they are solely a necessary basis upon which a claimed error can and must be raised and presented by a motion for a new trial and without which this court can not consider any claimed error. And unless so raised and saved by such motion they are waived and can not be considered by this court.

If this court can not consider "assignments of error" filed in the lower court, not based on grounds of a motion for new trial, then, of course, when no motion at all for new trial is filed and acted upon

by the lower court, this court can not do the more absurd thing of considering and passing on questions attempted to be raised by neither "assignments" nor a motion for a new trial.

There are many other decisions by this court exactly to the same effect as those cited and quoted above. It would be idle to cite or quote them.

I have searched diligently to find any case by either the Supreme Court when it had jurisdiction of criminal cases, or this court, where it was ever held contrary to the decisions above. I have not found any such case. No such case is cited in the majority opinion herein. There is none.

Are all these decisions I have cited and quoted above at this late date to be overruled at one fell swoop by a divided court, and that, too, without any reason or authority? In fact, against, and in the face of, both reason and authority? I can not think so. I can not but believe that the majority opinion was rendered in haste without a full investigation and without mature deliberation, and that my associates will correct it at the first opportunity. The law on this point was not even questioned in earlier days. No appellant, and no attorney for him, in those days had the temerity to even contend that this court could go over the heads of the trial courts, and pass on questions not saved and made by his motions for new trials, and not presented to, nor passed on, by the trial judges under such motions. Every judge of this court in every case where the question has been passed on, has expressly and many times, and at all times, held this could not be done.

If what was held by Judge Morrow so recently as February 28, 1917, in Lyle v. State, 193 S. W. Rep., 680, and which he cited with approval on June 27, 1917, in Gearheart v. State, 197 S. W. Rep., 187, not yet reported, three weeks after he wrote the majority opinion herein, was good law then it is certainly so now. I quote what he held: "The force of rulings on the same legal principle by courts of the same jurisdiction should control its subsequent decisions unless it is demonstrated that the prior decision was unsound. On this subject Chancellor Kent says: 'Where a rule has once been deliberately adopted and declared, it ought not to be disturbed unless by a court of appeal or review and never by the same court except for very urgent reasons and upon clear manifestation of error; and if the practice were otherwise, it would be leading us in perplexing uncertainty as to the law.' Kent's Commentaries, vol. 1, p. 475; Cooley's Const. Lim. (6th ed.), p. 64, and cases cited."

Prior to the Act of April 4, 1913, page 276, by which article 1612 of the Revised Civil Statutes of 1911 was amended, that article positively required that in *civil* cases "the appellant shall in all cases file with the clerk of the court below all assignments of error," etc. (In the Revised Statutes of 1895 this article was 1018, and in the Revised Statutes of 1879 it was 1037, and still prior to that it was 1591 of Paschal's Digest.) This "assignments of error," as every lawyer in Texas knows, was a separate paper filed alone with the clerk after the

trial of a civil case had been concluded, and most frequently after the court had adjourned for the term, and with which the trial judge had nothing whatever to do, and could not in any way act on. Unless an appellant in a civil case so filed his "assignment of error," the appellate court had nothing to pass on, and did not pass on any question except a fundamental error. All this is made perfectly clear by reading said article in full in said several revisions of the civil statutes, and the decisions thereunder.

In all criminal cases appealed no such "assignments of error" has ever been permitted to be filed. In fact, the statute clearly forbids it. Article 915, C. C. P., prescribes, "an appeal is taken by giving notice thereof in open court and having the same entered of record,"—simply that and nothing more. Then article 916 says: "The effect of an appeal is to suspend and arrest *all further proceedings* in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken." This law at first was inexorable. (See Judge White's Ann. C. C. P., sec. 1236.) Later it was so amended as that when the papers were lost or destroyed before a transcript of them was made and sent to the appellate court, they could be substituted in the court below— but nothing could be added to, nor taken therefrom. It is as expressed in Holy Writ, "In the place where the tree falleth, there it shall be." Because of this statute and others this court has always held that an "assignments of error" has no place in this court and can never be considered, and that the motion for new trial must contain all claimed errors which this court can consider. It is true any defendant convicted of either a felony or a misdemeanor can appeal to this court, and in that event is entitled to a statement of facts, without even making a motion for new trial. And it is true that in no case is an appellant *compelled* to make a motion for a new trial in order to appeal. It is also true that no person on trial in a criminal case is compelled to object to any illegal evidence introduced against him, nor to legal evidence erroneously excluded. Nor to the charge of the court, nor to any other improper proceeding against him. But if he does not, this court always heretofore has held it can not and will not pass on any such question however erroneous. It is not infrequent that persons convicted of either a felony or misdemeanor, and even when they plead guilty, appeal their cases, and that, too, when they know they have no ghost of a chance for reversal, and, in fact, set up no ground for reversal. They evidently do this for delay only. They know that thereby they can get a delay of many months—sometimes a year or more. Outside of such delay cases the sole object they have in appealing is to get a new trial from this court. Until the decision herein by the majority, this court has always held that it can not legally, and will not, consider any claimed error, unless the appellant sets up such error by his motion for new trial in the court below and has that court to pass on it. It makes no difference whether that court, during the actual trial, has then passed on the question or not—it must again be

presented to the trial court in a motion for new trial, and be acted upon by that court. Everyone knows that in the actual trial the trial judge must pass on many questions on the spur of the moment—without mature deliberation and without time for full investigation—such as arise on the empanelment of a jury, objections to evidence admitted or excluded, objections to his charge, and refusal of special charges—and many other matters which occur during the trial. When these questions are again presented to him in the motion for new trial he has more time and opportunity for deliberation and investigation. The defendant's attorney, in the meantime, also has time for investigation and can then present the authorities to the judge, and has a much better opportunity thereby to convince the judge of his error, and secure a new trial if entitled to it. It will not do to say nor act on it—well, the trial judge has already during the haste of the trial passed on this question, and, therefore, I will not give him an opportunity to again do so—in fact, I will deny him an opportunity to again pass on it, I will waylay him, and go over his head, direct to the Court of Criminal Appeals, and have that court to give me a new trial—thereby I will get a delay of many months, perhaps a year or more, and in the meantime the witnesses against me may die, get out of the way, or *forget.* When the State does force me to trial again a year or two hence, I'll come clear of the crime of which I am guilty, I will thus go unpunished, the law be prostituted, and the courts brought into disrepute.

It will not do to say the trial judge will not on motion for new trial correct his error and grant a new trial, as the law and his sworn duty compels him to do. This is well illustrated in many cases by the judges of this court granting rehearings and reversing themselves. Take as an example the very recent case of Fisher v. State, 197 S. W. Rep., 189, from Taylor County, decided and affirmed June 13th, in an opinion by Judge Morrow. Appellant in that case properly raised the question in the lower court and in this, in substance that the court's charge was incorrect in that it did not require the jury to find that he made the two sales alleged to the person named in the indictment, but permitted his conviction if he made one of those sales, and a sale to another person. He urged this question in his oral argument and in his brief, and cited the cases in point. In the original opinion Judge Morrow expressly held against him as the trial judge had done. He again urged the same question in his motion and brief for rehearing. Judge Morrow, and the other judges of this court, were then and thereby convinced that he was in error in his first opinion, granted a rehearing and reversed the case on that point alone in the opinion on rehearing June 29th. Any number of other decisions by this court could be cited but it is unnecessary. The reports are full of them.

This case is a fair illustration of how a trial judge can be "waylaid," if the decision herein is adhered to. Appellant filed no motion for a new trial as authorized and required by law if he really wanted a new

trial, and the lower court was not authorized to act on any, nor did he act on any. By his failure or refusal to file any such motion, he waived his right to do so as effectually and as certainly as if he had in express language done so. He appealed though. He then waited the full twenty days allowed him by the trial judge after adjournment for the term to present to the judge his bills of exceptions and statement of facts. They were approved by the judge on the twentieth day, and on that day then filed. The trial judge then had no power or authority to grant him a new trial, however many errors he had committed, and which if they had been presented to him in a motion for new trial, he would have granted.

I will now show when and how said article 1612, Revised Statutes, was changed by said Act of April 4, 1913, in all civil cases. For a number of years prior to 1913 the people and press of the State so insistently demanded that the Legislature and the Supreme Court, under its constitutional power to make rules for the government of all the courts, should so amend our procedure as to prevent the trial judges of the lower courts from being "waylaid" by the attorneys, and thereby prevent unnecessary appeals and reversals. Both the Legislature and Supreme Court responded, and so enacted laws and rules to meet some of these necessities and demands.

By said Act of April 4, 1913, it amended said article 1612, Revised Statutes. It stated in the caption it amended said article, "and repealing the laws requiring assignments of error in civil cases, and providing that *motions for new trials* in such cases *shall* constitute the assignments of error, and repealing all laws in conflict therewith, and declaring an emergency." This act was passed unanimously by both houses and was approved by the Governor and went into immediate effect. That amendment added this proviso: "Provided, that where a motion for new trial has been filed that *the assignments therein shall constitute the assignments of error* and need not be repeated by the filing of assignments of error; and provided further, that all errors not distinctly specified are waived. . . ." Thereby making the practice in civil cases the same it is in criminal cases, and had been "whereof the memory of man runneth not to the contrary."

I now come to a discussion of the rules adopted for all the courts by the Supreme Court.

Our Constitution of 1876 for the first time (art. 5, sec. 25, quoted in 2 Court of Appeals Rep., p. 623) expressly conferred the power and duty on the Supreme Court to make rules and regulations for all the courts. This section 25 was amended by the people September 22, 1891 (Constitution, sec. 25, art. 5, by Harris), and as amended made some changes in the original not necessary to now note.

Prior to our Constitution of 1876, our Supreme Court had jurisdiction of all appeals in criminal, as well as civil causes. That Constitution created a new court and named it "Court of Appeals," took all jurisdiction in criminal causes away from the Supreme Court and conferred

it on said "Court of Appeals." There were then no Courts of Civil
Appeals. The whole of our Constitution on the judiciary was amended
by the people on September 22, 1891, by which Courts of Civil Appeals
were created and the name of said "Court of Appeals" was changed to
"The Court of Criminal Appeals." In the meantime the Supreme
Court on December 1, 1877, adopted rules for all the courts, and
amended and readopted them time and again since then.

It is not amiss to here quote what the Supreme Court through Chief
Justice Roberts said of these rules in Texas Land Co. v. Williams,
43 Texas, 603: "The members of the convention, in giving the Supreme
Court 'the power to make rules and regulations,' for the express pur-
pose of regulating the proceedings and expediting the business in the
courts, must have designed more than the making of a few short rules
of court, such as have formerly been made and practiced under. In
the performance of this duty, the court has kept in view the statutes
and the previous decisions of this court, and have sought to regulate
the order and mode of proceeding in suits under them, so as that the
points of controversy in judicial proceedings in all of the courts should
be presented with distinctness and certainty, the want of which, under
our present practice, produces delay, expense, and injustice in litiga-
tion, that have long been increasing from year to year, until they now
amount to intolerable evils that must be remedied. The rules of the
District Court are shaped with reference to each other, and are designed
to establish a connected system of judicial procedure, from the petition
filed in the District or County Court, to the final judgment in the
Supreme Court or *in the Court of Appeals.*" There can be no ques-
tion but that all these rules were adopted and "shaped with reference
to each other, and were designed to establish a complete system of
judicial procedure," from the beginning of the cause "to the final judg-
ment in the Supreme Court, or in the *Court of Appeals,*" as held by
Judge Roberts. He and his associates had just made and adopted all
these rules. They were all by order of said Court of Appeals printed
in volume 2, Texas Ct. of App. Rep., p. 623 et seq., as well as printed
in the Supreme Court Reports, volume 47, p. 597 et seq., by order of
that court. All those rules were binding on all the courts. Those
for the District and County Courts were just as binding on this court
as those specifically made for this court. This court has always so held
until this case was decided by the majority opinion.

In Ratcliff v. State, 29 Texas Crim. App., 248, a question arose as
to how a statement of facts should be prepared under the rules pre-
scribed for the District Court. This court held: "The rules above
cited are applicable in criminal as well as in civil cases, and are for
the government of appeals to this as well as to the Supreme Court.
The Supreme Court has the constitutional power to prescribe rules for
the government of this court such as the rules cited. Const., art. 5,
sec. 25." See also Blackshire v. State, 33 Texas Crim. Rep., 161; Davis
v. State, 52 Texas Crim. Rep., 547; Davis v. State, 49 Texas Crim.

Rep., 247, and other cases exactly to the same effect. There is no decision of this court to the contrary.

Neither of the cases of Railway Co. v. Beasley, 106 Texas, 160, and Western ·Union v. Mitchell, 89 Texas, 441, cited by Judge Morrow in the majority opinion, are in point, or applicable herein. They were both decided under said article 1612, Revised Statutes, before it was amended by the said Act of 1913, page 276. That court, through Chief Justice Brown, in said Railway Co. v. Beasley, supra, expressly so stated. After quoting Rule 24 for the Courts of Civil Appeals, he held: "The language of the rule is not quite clear, but the Supreme Court can not by rule set aside a statute; therefore Rule 24 must be construed so as to harmonize with the articles of the Revised Statutes, copied herein, and with the former decisions of this court. Thus interpreted this rule does not require that the giving or refusing charges to the jury shall be included in the motion for rehearing in the trial court. We have heard that the Legislature at its recent session enacted a law upon this subject, but we are not informed of its provisions. *However, this opinion will not affect that Act if there be such.*" He repeated that exact holding in a still later opinion in that same case on page 177.

After this decision, and after said article 1612 had been amended as stated, the Supreme Court amended the rules so as to conform to said amended statute, and then re-enacted or readopted said rules. The new and amended rules are copied in 159 S. W. Rep., viii to xi, and all others, as well as these, in an official certification and publication of them by the clerk of that court under date of September 1, 1913. Rule 101a is: "In all cases in which a motion for a new trial is filed the assignments contained in such motion or amended motion as finally ruled upon by the trial court shall constitute the assignments of error. All errors not distinctly specified in such motion, or in the assignments of error where a motion for a new trial is not filed, shall be waived. . . ." It is true that rule provides for an "assignments of error" when no motion for a new trial is filed. But evidently that contingency means fundamental errors, and possibly when a trial occurs before the judge without a jury. Fundamental errors can always be assigned, even in the appellate court, without any motion whatever. And this has always been held by this and the Supreme Court. No other reasonable construction can be placed on said Rule 101a and the statute it was designed to follow. If it could be held thereunder that any error could be assigned when a motion for new trial had not been filed, then both the statute and the rule would be worse than idle. They would amount to a snare and a delusion.

In order to show that the construction I place on said statute and rule is correct, I will cite some of the decisions of the several Courts of Civil Appeals where they have so held from the very time said statute was passed and said rule exacted down to this date.

In Edwards v. Youngblood, 160 S. W. Rep., 289, the Court of Civil

Appeals, at Amarillo, after citing Rules 24 and 25 for the Court of Civil Appeals, and the said amended article 1612, Revised Statutes, said: "The courts have frequently referred to these rules in passing on assignments, and suggested that the purpose was to require the complaining party to present the issues in the trial court relied on for reversal. Frequently, before these rules, issues were presented by assignments which had not been called to the attention of the trial judge. Some have regarded this practice as unfair, resulting in reversals on questions not thought of or presented in the court below. Doubtless it was some such evil our Supreme Court sought to remedy by the promulgation of the rules above mentioned. The Legislature, by amendment, has emphasized this purpose. This law curtails labor and cost, and requires the presentation of the very question in the appellate court that was presented in the trial court. . . . We regard that part of the law providing that 'the assignments therein (the motion for new trial) shall constitute the assignments of error' as mandatory. It does not vest us with discretionary power in determining what shall constitute the assignments. We are not at liberty to disregard this plain mandate of the law."

Even before said amended article 1612 went into effect, practically all of our Courts of Civil Appeals, under the amended and added rules of 1912, had held expressly that the grounds of motions for new trials alone shall constitute the "assignments of error," and that unless presented and saved in the lower courts by such motions for new trial, they could not and would not be considered on appeal. I cite some of those cases: El Paso Elec. Ry. Co. v. Lee, 157 S. W. Rep., 749; Davidson v. Patton (Amarillo), 149 S. W. Rep., 757; Murphy v. Earl (El Paso), 150 S. W. Rep., 486; Railway Co. v. Ledbetter (Dallas), 153 S. W. Rep., 646; Railway Co. v. Gray (Austin), 154 S. W. Rep., 229; Jones v. Edwards (San Antonio), 152 S. W. Rep., 727; Allen v. Kitchen (Austin), 156 S. W. Rep., 331; Salliway v. Grand Lodge, 164 S. W. Rep., 1042, citing Railway Co. v. Pemberton (Sup.), 161 S. W. Rep., 2; Bradshaw v. Kearly, 168 S. W. Rep., 436; Murphy v. Murphy, 175 S. W. Rep., 263; Farthing &. Co. v. Illig, 179 S. W. Rep., 1092; Woodley v. Pike, 189 S. W. Rep., 746; Grant v. Grant, 190 S. W. Rep., 229; Levy v. Engle, 192 S. W. Rep., 548.

But whether the rules prescribed for the District Court and Courts of Civil Appeals, requiring that no error of the lower court can be considered on appeal unless presented and preserved in a motion for new trial, applies to this court or not, that only such errors can be considered by this court, is too well and long established to be now lightly or at all set aside. The holdings of this court are founded on reason, law and justice. I therefore earnestly protest against the holding in this case, and respectfully dissent.

DAVIDSON, Presiding Judge (concurring).—The judgment herein was reversed and remanded during the last term of the court, the

opinion being written by Judge Morrow. In that opinion I concurred. During vacation of the court Judge Prendergast filed a lengthy dissenting opinion. He lays down the proposition that no error, or supposed error, can be urged on appeal which is not set out in the motion for new trial. To this proposition I can not give my assent under our statutes. Article 744 of the Code of Criminal Procedure reads as follows: "On the trial of any criminal action the defendant, by himself or counsel, may tender his bill of exceptions to any decision, opinion, order or charge of the court or other proceeding in the case; and the judge shall sign such bill of exceptions, under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal."

Plainly, this statute gives the accused the right to reserve the provided exceptions "in order that such decision, opinion, order or charge may be revised upon appeal." It would seem all sufficiently clear from the terms of the statute that if the party properly takes such exceptions he may have the rulings of the appellate court on appeal. It is not prerequisite or essential that he bring those matters forward in a motion for new trial. The statute does not so require. The court's attention has been pointedly and specifically called to the matter not only at the time of the rulings by the court and when the exceptions are taken, but again it is called to his attention when the bills of exception are presented to him for his approval. That he may bring these matters forward in motion for new trial does not render nugatory the terms of the statute or deprive the accused of having his questions revised, if the terms of article 744, supra, have been followed. Article 844 of the Code of Criminal Procedure also prescribes that, "If a new trial be refused, a statement of facts may be drawn up and certified and accompany the record as in civil suits. Where the defendant has failed to move for a new trial he is, nevertheless, entitled, if he appeals, to have a statement of facts certified, and sent up with the record." This does not prescribe that a motion for new trial is necessary, but expressly enacts that it is not. In that event the exceptions reserved under the terms of article 744, supra, may be revised, in connection with the statement of facts, although a motion for new trial was not filed. It is not obligatory upon the accused to file a motion for new trial. He may do so, or he may not. Whether he does or not is optional with him, and whether he does or not he is, nevertheless, entitled to have a statement of facts sent up with the record and his exceptions and matters of which he complains reviewed in the light of the testimony. It is well settled that, in the absence of a statement of facts, this court does not review, as a rule, many of the rulings of the trial court. These might be mentioned, but it is not necessary. Many of the cases cited by Judge Prendergast are not applicable to the law as it is at present. Many of the decisions cited by him go to the effect that assignments of error will not be noticed in criminal cases. Properly understood, those decisions lay down a

correct rule. This court does not consider assignments of error as substitutes for a motion for new trial, but treats such assignments of error as unnecessary. Assignments of error can not take the place of a motion for new trial. This is the extent to which these decisions go. Under article 723, supra, before its repeal, a motion for new trial was requisite unless bills of exception were reserved to the charges asked and refused. Both, that is, bills of exception and motion for new trial, were not, under that statute, requisite or necessary. The matters might be presented either way, that is, by bills of exception or in motion for new trial. That statute only related to charges of the court given the jury, or such as were refused by the court or were omitted from the charge. The decisions referred to by Judge Prendergast mainly apply to the construction of article 723, which has been repealed. It has been understood to be the correct rule, that if exceptions to the charge, to which that article alone applied, are set out either in bills of exception, or are raised upon motion for new trial, they will be considered. It would be useless to review those decisions. Take the Ellington case, 63 Texas Crim. Rep., 424, as an illustration, cited in the dissenting opinion, Judge Harper, in closing that opinion, makes this statement: "We look alone to the bills of exception and the motion for new trial, and if errors are not there assigned we do not review them on appeal." The correct rule, under article 723, supra, with reference to exceptions to charges, may be stated practically as the decisions hold, that is, in order to have the benefit of the failure of the court to correctly charge the law, the convicted party must reserve an exception to the charge at the time it was given, or set it out in motion for new trial. Both were not required, for the statute expressly laid down the rule in the alternative. When that statute was repealed and the present statute enacted, it became necessary for the court to read the charge to the jury before argument is begun. The present statute changed the rule, and it is now, generally speaking, necessary to except to the charge before given the jury. It is not available on motion for new trial as under the previous statute. The alternative rule under article 723, supra, before its repeal, no longer exists. I do not now refer to fundamental error. Under the present statute it must be by exception. A motion for new trial under the present statute will have no force and effect if the party fails to object at the time the charges are given him and before being read to the jury. However, it might be added that in case of fundamental error it was the rule under article 723 that the case would be reversed when the question is first raised on appeal. Grant v. State, 59 Texas Crim. Rep., 123. The failure to file motion for new trial does not prevent this court from considering an appeal. Ex parte Firmin, 60 Texas Crim. Rep., 374; Cotton v. State, 29 Texas, 186; C. C. P., arts. 744 and 844. It is not now necessary to set out in the motion for new trial the errors committed by the court with reference to charges. The motion for new trial in that respect is not now available because of the terms of the recent statute.

Article 744, supra, provides that matters reserved by bills of exception as therein provided shall be taken for the reason and for the purpose of revision by the appellate court, not for the purpose of being brought forward again in motion for new trial. The statement of facts also can be had without motion for new trial having been presented in the trial court. This emphasizes the right of the defendant to have errors, or supposed errors, to which he has reserved exceptions under the provisions of article 744, supra, revised. Statutes with reference to practice and procedure, where they redound to the benefit of the accused, are enacted to the end that the law may be fairly and legally enforced. It was never intended to give these statutes such a construction as would deprive parties of a fair legal trial. I am not discussing matters not known or discoverable before or at the time of the trial such as misconduct of the jury, newly discovered evidence, etc. I do not care to write further about it.

I concur with Judge Morrow in the disposition of the case.