## GEORGE MIKCHEL v. STATE

No. 28,807. February 20, 1957

*Martin & Shown* and *Ray V. Reeves,* Houston, for the appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of policy para-

phernalia in violation of Sec. 2 of Art. 642c, Vernon's Ann. P.C., with a prior conviction alleged to enhance the penalty; the punishment, 14 months in jail and a fine of $1000.

The state's evidence shows that City of Houston Police Officers McKelvey and Hensley went to 3406 McGowen Street in the city to investigate policy writing. Appellant occupied a room on the ground floor of a garage apartment located in the rear of the premises.

Officer McKelvey testified that, with the appellant's consent, he searched the appellant's room and found certain policy paraphernalia under the bed consisting of policy hit slips, policy plays and policy receipts. Officer Hensley testified that he also found some policy slips and hit slips on the premises.

Testifying as an expert, Officer McKelvey further testified that the paraphernalia found on the appellant's premises was designed and adaptable for use in connection with a policy game.

Appellant stipulated that he was the same person who was previously convicted of the offense of unlawfully possessing policy paraphernalia as alleged.

As a witness in his own behalf, appellant denied that he possessed the policy paraphernalia, denied that it came from his room and testified that the paraphernalia came from the room of a tenant who resided in an upstairs apartment.

The jury chose to accept the testimony of the state's witnesses and to reject that of the appellant and we find the evidence sufficient to sustain their verdict.

Appellant insists that the court erred in refusing to hear evidence in support of his amended motion for new trial and in overruling the same without hearing evidence thereon.

Appellant, in his motion which was unverified and overruled by the Court, alleged as grounds therefor that during the trial, over his objection, certain assistants district attorneys appeared and participated in the trial other than the two assistants who had been disclosed as the attorneys who would conduct the prosecution; that the district attorney also sat in the courtroom and conferred with his assistants and, on several occasions, belittled appellant's witnesses and made sarcastic com-

ments on the proceedings, all of which were prejudicial and calculated to deprive appellant of a fair trial and that by reason of such conduct appellant moved for a mistrial which was by the court refused.

We perceive no error in the court's refusal to hear evidence in support of the motion.

The matters complained of in the motion were matters which occurred during the trial in the presence and hearing of the court. No evidence was necessary to present the same to the judge upon hearing of the motion for new trial. Furthermore, the matters complained of in the motion related to rulings of the court on proceedings which occurred during the trial and were such as could be presented by a bill of exception, which in fact appellant does present by an informal bill of exception, and a motion for new trial was unnecessary in order to bring the question before this court for review. Sessions v. State, 81 Texas Cr. Rep. 424, 197 S.W. 718.

Under the record no error is shown in the court's action in overruling appellant's motion for a mistrial on the ground that the district attorney and various assistant district attorneys appeared in the courtroom and participated in the trial.

The record does not reflect that appellant, prior to the selection of the jury, was advised as to who or how many of the state's attorneys would participate in the trial. We know of no rule of law which limits the number of assistants district attorneys who may appear for the state in a case or which prevents the duly elected district attorney from performing his duty in conducting the prosecution of a case. There is nothing in the record which supports appellant's contention that the district attorney on occasions belittled appellant's witnesses and made sarcastic comments on the proceedings.

We have considered appellant's exceptions in the statement of facts to the court's rulings on the admission of testimony and find no reversible error shown.

The judgment is affirmed.

Opinion approved by the Court.